**ALAMO RENT–A–CAR, INC.,**
**Plaintiff–Appellant,**

v.

**CITY OF PALM SPRINGS,**
**Defendant–Appellee.**

No. 89–55862.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1990.

Decided Aug. 15, 1991.

As Amended on Denial of Rehearing and Rehearing En Banc Jan. 24, 1992.

Shirley M. Hufstedler, Hufstedler, Kaus & Beardsley, Los Angeles, Cal., for plaintiff-appellant.

Glen Tucker, Clausen & Campbell, Los Angeles, Cal., for defendant-appellee.

Before NORRIS, HALL and THOMPSON, Circuit Judges.

PER CURIAM:

Alamo Rent–A–Car appeals the district court's decision, after a trial on stipulated facts, that the airport access fee schedule enacted for the Palm Springs Regional Airport does not violate the Commerce Clause. We affirm.

Alamo is assessed the contested access fee for using the airport access roads to pick up and drop off airline passengers who rent its cars. The access fee charged is seven percent of the gross receipts Alamo generates from customers picked up at the airport. The fee schedule was patterned after a similar schedule enacted by the Sarasota–Manatee Florida Airport Authority, which the Eleventh Circuit upheld against a very similar Commerce Clause challenge brought by Alamo. *See Alamo Rent–A–Car v. Sarasota–Manatee Airport Authority*, 906 F.2d 516 (11th Cir.

1990), *cert. denied,* — U.S. —, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991). We agree with the reasoning of the Eleventh Circuit and hold that the Palm Springs user fee, like the Sarasota–Manatee user fee, does not violate the Commerce Clause.

▮ Like the Sarasota–Manatee user fee upheld by the Eleventh Circuit, the Palm Springs user fee easily satisfies the test established by *Evansville-Vanderburgh Airport Authority Dist. v. Delta Airlines,* 405 U.S. 707, 714–17, 92 S.Ct. 1349, 1354–56, 31 L.Ed.2d 620 (1972): First, it does not discriminate against interstate commerce, but applies to inter- and intrastate passengers equally. Second, it approximates the indirect use of the entire airport facility that Alamo makes through the travelers it services.[1] We agree with the Eleventh Circuit's analysis that calculating use by a percentage of gross receipts is a fair approximation. *See Sarasota–Manatee Airport Authority,* 906 F.2d at 520.

Finally, the fee is not excessive in comparison to the governmental benefits conferred. Alamo's calculation of the costs of airport "security, maintenance, and overhead" do not include debt service. The *Evansville* Court explicitly found debt service to be a cost which a user fee could attempt to defray. 405 U.S. at 719–20, 92 S.Ct. at 1356–57. Alamo has offered no proof that the 7% figure is excessive when this cost is considered. Alamo's reliance on *Western Oil and Gas Ass'n v. Cory,* 726 F.2d 1340 (9th Cir.1984), *aff'd by an equally divided Court,* 471 U.S. 81, 105 S.Ct. 1859, 85 L.Ed.2d 61 (1985), is misplaced. In *Cory,* we struck down regulations for computing rent on the basis of the volume of oil passing through private pipelines on state land. There, however, "the lands leased to plaintiffs [were] unimproved and ... no services or facilities [were] provided by the State in conjunction with the lease." *Id.* at 1344. Here, by contrast, Palm Springs is providing the use of improved airport facilities maintained at public expense. We hold that the fee passes muster under the commerce clause.

AFFIRMED.

---

1. We reject Alamo's argument that charging a fee for use of the entire airport facility violates 49 U.S.C.App. § 1513(a). "Congress passed § 1513(a) to deal primarily with local head taxes on airline passengers." *Aloha Airlines Inc. v. Director of Taxation of Hawaii,* 464 U.S. 7, 13, 104 S.Ct. 291, 295, 78 L.Ed.2d 10 (1983). Nothing in the text or legislative history of § 1513(a) suggests that it was intended to have any applicability to fees on ground transportation service. Thus, we agree with those courts that have held that § 1513(a) does not prohibit fees on ground transportation service. *See Airline Car Rental v. Shreveport Airport Authority,* 667 F.Supp. 293, 298–99 (W.D.La.1986); *Salem Transportation Co. v. Port Authority of New York and New Jersey,* 611 F.Supp. 254, 256–57 (S.D.N.Y.1985).