
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S. PATRICK MENDEL, | No.   21-15910 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-03244-JST |
| v. | |
| LIANE RANDOLPH, in her individual and official capacity as Commissioner, California Public Utilities Commission; CLIFFORD RECHTSCHFFEN, in his indiviual and official capacity as Commissioner, California Public Utilities Commission; MARTHA GUZMAN ACEVES, in her individual and official capacity as Commissioner, California Public Utilities Commission; MARITZA PEREZ, in her individual and official capacity as Section Supervisor Badge #11 Transportationb License Section California Public Utilities Commission; CALIFORNIA PUBLIC UTILITIES COMMISSION; UBER TECHNOLOGIES, INC.; RAISER-CA LLC; UBER USA, LLC; TRAVIS KALANICK, Board Member, former CEO; CITY AND COUNTY OF SAN FRANCISCO; LICHTEN & LISS-RIORDAN P.C., a law firm; SHANNON | MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LISS-RIORDAN, Attorney of the law firm Lichten & Liss-Riordan, PC; ADELAIDE PAGANO, Attorney of the law form Lichten & Liss-Riordan, P.C.; ANNE KRAMER, Attorney of the law firm Lichten & Liss-Riordan, P.C.,

Defendants-Appellees,

and

ELAINE L. CHAO, in her official capacity as U.S. Secretary of Transportation; XAVIER BECERRA, in his official capacity as Attorney General of the State of California; RAYMOND MARTINEZ, in his official capacity as Adminisrator, Federal Motor Carrier Safety Administration; LORETTA BITNER, in her official capacity as Chief, Office of Enforcement and Compliance, Federal Motor Carrier Safety Administration; MICHAEL PICKER, in his individual and official capacity as President, Commissioner, California Public Utilities Commission; CARLA J. PETERMAN, in her individual and Official Capacity as Commissioner, California Public Utilities Commission; GARRETT CAMP, Board Member and Founder; RYAN GRAVES, Board Member, former CEO; LYFT, INC.; LOGAN GREEN, CEO of Lyft and Board Member; JOHN ZIMMER, President of Lyft and Board Member; WILLIAM P. BARR, Attorney General; SIDNEY R. THOMAS, Chief United States Circuit Judge of the United States Court of Appeals for the Ninth Circuit, in his

2

individual and official Administrative capacity; PHYLLIS J. HAMILTON, Chief District Judge, in her individual and official Administrative Capacity of the United States District Court of the Northern District of California; JOSEPH J. SIMONS, in his official capacity as Chairman, Federal Trade Commission,

Defendants.

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted July 6, 2022 [**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Plaintiff S. Patrick Mendel appeals pro se from the district court's order dismissing with prejudice his civil action against the Uber Defendants,[1] the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Uber Technologies, Inc. (Uber); Rasier-CA, LLC; Uber USA, LLC; Travis Kalanick; Garrett Camp; Ryan Graves; Derek Anthony West; Scott Schools.

California Public Utilities Commission (CPUC) Defendants,[2] the City Defendants,[3] and the LLR Defendants.[4]  Mendel alleged a variety of federal claims arising from the purported unlawfulness of the Uber Defendants' ridesharing business model and certain taxes, permits, and fees required by local authorities.  We review de novo,[5] and we affirm.

The district court properly dismissed Mendel's federal claims against the Uber Defendants because they were barred by res judicata arising from the judgment in *Overton v. Uber Technologies, Inc.*, 333 F. Supp. 3d 927, 952 (N.D. Cal. 2018).  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003).  Mendel's claims that Uber was violating federal motor carrier and antitrust laws were "based on the same nucleus of facts" as the claims adjudicated in *Overton*.  *Tahoe-Sierra*, 322 F.3d at 1078.

---

[2] Marybel Batjer; Martha Guzman Aceves; Liane M. Randolph; Clifford Rechtscheffen; Genevieve Shiroma; Michael Picker; Carla Peterman; Maritza Perez.

[3] City and County of San Francisco and Ivar C. Satero.

[4] Shannon Liss-Riordan; Adelaide Pagano; Anne Kramer; Lichten & Liss-Riordan P.C.

[5] *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata); *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016) (failure to state a claim); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (issue preclusion).

The district court also properly dismissed Mendel's claims against the CPUC Defendants as barred by res judicata arising from the *Overton* judgment. Both suits alleged that certain CPUC programs and fees violated federal law, and those claims were already rejected by *Overton*. 333 F. Supp. 3d at 935–36, 938–42; *see Tahoe-Sierra*, 322 F.3d at 1077–78. That Mendel's permit was suspended for non-payment of fees after the *Overton* judgment was rendered is simply a new alleged damage from the supposedly-unlawful earlier conduct and does not defeat the application of res judicata. *See Int'l Techs. Consultants, Inc. v. Pilkington PLC*, 137 F.3d 1382, 1388–89 (9th Cir. 1998); *cf. Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28, 75 S. Ct. 865, 868–69, 99 L. Ed. 1122 (1955) (new antitrust violations were committed after prior judgment).

The district court properly dismissed Mendel's claims against the City Defendants for failing to state cognizable claims. *See* Fed. R. Civ. P. 12(b)(6). Mendel did not adequately plead that federal laws regulating interstate commerce or transportation between states apply to the transportation services he provides. *See* U.S. Const. art. I, § 8, cl. 3; 49 U.S.C. §§ 14501(d)(1), 14505; *United States v. Yellow Cab Co.*, 332 U.S. 218, 230–32, 67 S. Ct. 1560, 1566–67, 91 L. Ed. 2010 (1947), *overruled on other grounds by Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 759–60, 104 S. Ct. 2731, 2735–36, 81 L. Ed. 2d 628 (1984);

5

*Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 863–64 (9th Cir. 2021); *see also Altria Grp., Inc. v. Good*, 555 U.S. 70, 76–77, 129 S. Ct. 538, 543, 172 L. Ed. 2d 398 (2008) (preemptive scope of federal law); *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1087–88 (9th Cir. 2013) (dormant Commerce Clause); *Alamo Rent-A-Car, Inc. v. City of Palm Springs*, 955 F.2d 30, 30–31 (9th Cir. 1991) (per curiam) (airport access fee schedule did not discriminate against interstate commerce).

The district court also properly dismissed Mendel's California breach of fiduciary duty claim against the LLR Defendants. *See Stanley v. Richmond*, 41 Cal. Rptr. 2d 768, 776 (Ct. App. 1995). Mendel's claim premised on the LLR Defendants' conduct in *O'Connor v. Uber Technologies, Inc.*, No. 13-cv-03826-EMC, 2019 WL 4394401, at *4–6 (N.D. Cal. Sept. 13, 2019), was barred by issue preclusion because the district court there had overruled Mendel's objections to that settlement and determined that counsel's representation of the class had been adequate. *See Kendall*, 518 F.3d at 1050; *Golden v. Pac. Mar. Ass'n*, 786 F.2d 1425, 1427–28, 1429 (9th Cir. 1986). The allegations of Mendel's complaint were wholly insufficient to state any claim premised on the LLR Defendants' purported violations of their duties to unspecified class action claimants in other unspecified cases.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

**AFFIRMED.** All pending motions are **DENIED**.