725 F.2d 502
 Frank E. MIDKIFF, Richard Lyman, Jr., Hung Wo Ching, Matsuo
Takabuki and Myron B. Thompson, Trustee of the
Kamehameha Schools/Bishop Estate,
Plaintiff-Appellants,
v.
Paul A. TOM, Tony Taniguchi, Wilbert K. Eguchi, Wayne T.
Takahashi, et al., Defendants-Appellees,
and
Wai-Kahla Tract "H" Association, Inc., Halawa Hills
Landsdale Committee; Awakea Association; et al.,
Intervenors-Appellees.
 No. 80-4368.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 6, 1984.
 
 Clinton R. Ashford, Honolulu, Hawaii, for plaintiffs-appellants.
 Yukio Naito, Shim, Sigal, Tam & Naito, A. Bernard Bays, William E. Atwater, Dennis E.W. O'Connor, John A. Roney, Stubenberg, Roney, Hartnett, Lawhn, Fong & Kuwaski, Tany S. Hong, Atty. Gen., Honolulu, Hawaii, for defendants-appellees.
 OPINION ON REVISED MANDATE
 Before ALARCON, POOLE and FERGUSON, Circuit Judges.
 POOLE, Circuit Judge:
 
 
 1
 On March 28, 1983, this court, 702 F.2d 788, issued its opinion holding the Hawaii Land Reform Act, Hawaii Revised Statutes chapter 516, unconstitutional, and reversing the judgment of the district court 483 F.Supp. 62 for the District of Hawaii, which had denied declaratory and injunctive relief to appellants, Trustees of the Kamehameha Schools/Bishop Estate, against the taking of private property without a public use as required under the Fifth and Fourteenth Amendments to the Constitution of the United States. We remanded for reconsideration and further district court proceedings consistent with our opinion.
 
 
 2
 At a hearing on July 15, 1983, the district court refused injunctive relief, although advised of the pendency and active trial status of many condemnation cases being pursued against appellants' land under chapter 516. The district court issued only a declaration that the statute is unconstitutional, and declined to issue any orders effectuating that declaration.
 
 
 3
 On August 11, 1983, this court recalled its mandate and, pending revision of mandate, granted emergency relief against ongoing state court actions, all of which had been instituted after the assumption of jurisdiction by the district court in the present case and after substantial proceedings on the merits had taken place in that court. Before the August 11 injunction was ordered by this court, the Hawaii Housing Authority and other appellees stated their intentions to prosecute condemnation proceedings against the appellants without regard to this court's opinion. In July, 1983, the Hawaii Housing Authority filed two new condemnation actions against 726 parcels of Bishop Estate Land. Hawaii Housing Authority v. Midkiff (Waialae View), case no. 78517; Hawaii Housing Authority v. Midkiff (Enchanted Lakes), case no. 78518. The Housing Authority continued to prosecute pending condemnation actions against the Bishop Estate. In one, Hawaii Housing Authority v. Midkiff (Kamiloiki Valley), case no. 63408 (the "Kamiloiki Valley case"), trial was conducted and judgment entered after the filing of this court's opinion.
 
 
 4
 At the request of the parties, we heard oral arguments in Honolulu on October 31, 1983. At that hearing, the Deputy Attorney General of Hawaii, representing the Hawaii Housing Authority, informed this court that, notwithstanding our judgment against that agency, and absent an injunction, the Authority intended to continue pursuing all administrative and judicial proceedings against Bishop Estate Lands and filing new judicial and administrative actions under chapter 516, and that it did not view this court's decision as having any preclusive effect. Transcript of October 31, 1983, Hearing, pp. 48, 53-54.
 
 
 5
 Thus, it was and is apparent that absent injunctive relief, this court's judgment would not be regarded or honored by the state or private parties thereto, and that restraint against further actions of appellees under chapter 516 is urgently necessary to protect and to effectuate that judgment. Otherwise, appellants would be faced with the defense of approximately 25 already filed condemnation actions involving more than 4,000 separate parcels of land, in addition to whatever additional actions appellee Hawaii Housing Authority may choose to file in the future, as it has asserted its intention so to do.
 
 
 6
 Ordinarily, successful litigants can rely on the res judicata and collateral estoppel effect of a judgment to protect them from the necessity of relitigating the same issues in subsequent lawsuits. Here, however, the district court on original mandate declined to order the relief manifestly called for by this court's ruling. The Hawaii state courts have refused to grant preclusive effect to this court's judgment and have ignored altogether the usual presence of res judicata and collateral estoppel. After our decision against the appellees in this appeal, the First Circuit Court of Hawaii denied motions to stay proceedings in the Kamiloiki Valley case and, on July 8, 1983, announced its decision in that case, tacitly overruling the Bishop Estate's defense of res judicata predicated upon this court's March 28 decision.
 
 
 7
 Federal courts may enjoin state court proceedings in order to protect the res judicata effect of their own judgments. Harper Plastics v. Amoco Chemicals Corp., 657 F.2d 939, 947 (7th Cir.1981); Southwest Texas Airlines Co. v. Texas Intern. Airlines, 546 F.2d 84, 93 (5th Cir.1977), cert. denied, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977). Such an injunction is appropriate where a federal litigant has prevailed on the merits, yet is threatened with burdensome and repetitious relitigation of the same issues in a multiplicity of actions. Browning Debenture Holders' Com. v. DASA Corp., 605 F.2d 35, 38-40 (2nd Cir.1978); Baker v. Gotz, 415 F.Supp. 1243, 1250-51 (D.Del.1976), affirmed, 546 F.2d 415 (3rd Cir.1976) ("[T]he reason for the rule [permitting such injunctions] * * * is to protect the party who has succeeded in the federal court against being put to the inconvenience and expense of relitigating the same issue and from being subject to the possibility of a contrary decision by the state court which would nullify or impair the effect of the federal judgment"). See Scott v. Hunt Oil, 398 F.2d 810, 811 (5th Cir.1968).
 
 
 8
 We have endeavored to tailor the injunction called for by the revised mandate and to make it as limited as possible while still accomplishing its purpose. We apply it at this time only to the parties to this appeal. We do not now decide whether the Hawaii Land Reform Act may be enforced against other land holders not privy to this action. The Housing Authority is not barred from conducting any internal administrative operations that it feels necessary to perform, so long as the involuntary participation of the appellants is not required and their interests not affected. The injunction does not prevent negotiations of a voluntary nature with respect to land sales, although involuntary administrative or judicial proceedings may not be resorted to in order to coerce such sales.
 
 
 9
 Finally, the injunction specifically exempts appellate proceedings in the Kamiloiki Valley case, both because proceedings in a single case in which trial has already been completed will not be unduly burdensome and because further proceedings therein would not substantially impinge upon our judgment. Moreover, the exemption will permit the Hawaii Supreme Court opportunity to review the questions arising in the Kamiloiki Valley case, which are of great importance to that state.
 
 
 10
 The revised mandate will issue immediately to the district court for the district of Hawaii.
 
 
 11
 FERGUSON, Circuit Judge, specially concurring in part:
 
 
 12
 I cannot join in the majority opinion for the reasons set forth in my dissent in this case. See Midkiff v. Tom, 702 F.2d 788, 807 (9th Cir.1983). Therefore, I cannot concur in an amended final mandate which declares the Hawaiian Land Reform Act unconstitutional.
 
 
 13
 I do agree, however, that the August 11, 1983 order of this court granting emergency relief against ongoing state court actions must be changed.
 
 
 14
 It is my opinion that the revised mandate, with the exception of paragraph (1), is fair and equitable and will not constitute any undue hardship on the parties pending final decision by the Supreme Court.
 
 REVISED MANDATE
 
 15
 ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this Cause be, and hereby is reversed and remanded to the district court for further proceedings consistent with this court's opinion of March 28, 1983.
 
 
 16
 Upon remand the district court shall forthwith issue an amended final judgment which shall include provisions:
 
 
 17
 (1) Declaring unconstitutional, as a taking of private property without a public purpose and unenforceable, as against Appellants, Trustees of the Kamehameha Schools/Bishop Estate, the provisions of Chapter 516 of the Hawaii Revised Statutes, commonly known as the Hawaii Land Reform Act.
 
 
 18
 (2) Enjoining the Defendants-Appellees and the Intervenors-Defendants/Appellees, and each of them, and all persons acting in concert with them, except as hereinafter provided, from pursuing against appellants:
 
 
 19
 (a) any involuntary administrative or any pending judicial proceedings to condemn, or preliminary to the condemnation of, any of their property, under Chapter 516 of the Hawaii Revised Statutes, excepting any appeal or other application to the Supreme Court of the United States, and with the further exception hereinafter set forth.
 
 
 20
 (b) From initiating any new involuntary administrative or judicial proceedings against said appellants to condemn their property under Chapter 516 of the Hawaii Revised Statutes, excepting any appeal or other application to the Supreme Court of the United States.
 
 
 21
 (3) The proceedings in case 63408, in the Circuit Court of Hawaii, First Circuit, Honolulu, involving Kamiloiki Valley, the trial of which, both valuation and public use phases, was completed prior to August 11, 1983, and in which judgment has been entered, shall be excepted from the prohibitions herein directed and further proceedings therein shall not be barred hereby.
 
 
 22
 (4) It is the purpose of these orders to protect and render effective the opinion and judgment of March 28, 1983, by requiring the district court to grant plenary relief to Appellants, and to relieve them from grave threatened and actual dangers of having to defend against a multiplicity of actions involving the identical issues which this court has already decided in Appellants' favor. The parties having advised the court that there are presently lawsuits on file in at least 26 separate proceedings involving approximately 4,237 different parcels, or more, many of which are set in tandem and seriatim for trial, this court concludes that subjecting Appellants to the defense of such voluminous and onerous litigation would work great hardship upon Appellants at the hands of the very parties and the identical issues which have been litigated to judgment and to which the principles of res judicata are now applicable; and that Appellants have further shown both strong likelihood of prevailing upon the merits of such cases and that by reason of the great and burdensome threat of multiplicity of relitigating the issues, the balance of hardships tips strongly in Appellants' favor. Hence Appellants are entitled to injunctive relief.
 
 
 23
 Conversely, such hardships and consequential need for injunctive relief are less strong in case 63408 (Kamiloiki Valley), the only ongoing case in which actual trial had been completed prior to the issuance of this court's opinion, and the only remaining proceedings appear to be of an appellate nature. Therefore, further proceedings in the Kamiloiki Valley case shall not be prohibited by these orders. No other pending cases have yet proceeded to actual trial and the relief herein ordered to be granted shall be fully applicable to any and all such cases against appellants under Chapter 516 of the Hawaii Revised Statutes.
 
 
 24
 Upon the issuance by the district court of the relief ordered herein, this court's injunction ordered August 11, 1983 shall be dissolved.