**Deborah Taylor GOLDEN, Cydney Claire Bradford, Bobbie Ann Gilmore, Molleen Ivicevich, Gayle M. James, Marian Knight, Elaine Todd, on behalf of themselves and all other similarly situated individuals, Plaintiffs,**

**and**

**Charles Bower, Norman Finn, John Moreno, Harold D. Olson, Frank E. Woodruff and Norman H. Gottlieb, Plaintiffs-Intervenors/Appellants,**

**v.**

**PACIFIC MARITIME ASSOCIATION; International Longshoremen's and Warehousemen's Union, Local 63; International Longshoremen's and Warehousemen's Union Local 13, International Longshoremen's and Warehousemen's Union, Defendants-Appellees.**

No. 84–6020.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 1986.*

April 15, 1986.

As Amended on Denial of Rehearing May 21, 1986.

* Oral argument waived on motion of appellees.

Charles Bower, Howard Olson and John Moreno, pro se.

Neil E. Campbell, Jr., Torrance, Cal., for defendants-appellees.

Before WRIGHT and NELSON, Circuit Judges, and ROSENBLATT,** District Judge.

**EUGENE A. WRIGHT, Circuit Judge:**

Appellants, pro se, take this frivolous appeal from an order enjoining prosecution in state court. The district court found that the same issues had been fairly and fully litigated in a federal class action which culminated in a Consent Decree and fairness order. It also inferred harassment. The record fully supports these findings. We affirm the grant of the injunction.

** Of the District of Arizona.

## FACTS AND PROCEEDINGS BELOW

Charles Bower, Norman Finn, Frank Woodruff, Harold Olson, and John Moreno (collectively "Bower") were named plaintiffs-in-intervention representing one of three classes of individuals in a federal class action (the *Golden* action). The three classes sought jobs as marine clerks at the Los Angeles Port. Neil E. Campbell, Jr., Esq. represented the Bower class.

After three years, the *Golden* action culminated in a Consent Decree and Memorandum Re Fairness of Settlement, both entered on May 25, 1983. No appeal was taken.

On November 21, 1983, Bower sued Campbell in state court, alleging malpractice and fraud during Campbell's representation in the *Golden* action. The state action alleges, inter alia, that Campbell misrepresented to Bower that the *Golden* action was not a class action, and falsely declared to the court that Bower approved of the class action format and that a majority of the Bower class favored the proposed settlement.

On January 30, 1984, Norman Gottlieb, Esq. moved the district court for substitution as the Bower class counsel. The court denied the motion. It indicated that the motion was aimed only at relitigation of issues already decided at the fairness hearings and that Campbell was competent to monitor the consent decree.

On March 7, Gottlieb moved for reconsideration. The court denied the motion on April 10.

On March 27, Campbell moved to enjoin the state court action. The court granted the motion. Bower, pro se, timely appealed.

## STANDARD OF REVIEW

We review the grant of an injunction for abuse of discretion. *Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 752 (9th Cir.1982). It is an abuse of

discretion if the court rests its conclusions on clearly erroneous factual findings or on incorrect legal standards. *Id.*

Whether collateral estoppel is available as a bar to Bower's claims is a mixed question of law and fact in which legal issues predominate. *United States v. Geophysical Corp. of Alaska,* 732 F.2d 693, 697 (9th Cir.1984). "The question of the availability of the doctrine is thus subject to de novo review." *Id.*

ANALYSIS [1]

Bower contends that the court improperly enjoined prosecution of his state action for malpractice and fraud. Specifically, he argues that Campbell's conduct and the attorney-client relationship with Bower were not "litigated" in the *Golden* action.

### A. Anti-Injunction Act

The Anti-Injunction Act precludes federal courts from enjoining state court actions unless (1) Congress has expressly authorized such relief by statute, (2) an injunction is "necessary in aid of [the court's] jurisdiction," or (3) an injunction is necessary "to protect or effectuate [the court's] judgments." 28 U.S.C. § 2283. In the interest of comity and federalism, these three exceptions must be strictly construed. *Alton Box Board Co. v. Esprit de Corp.,* 682 F.2d 1267, 1271 (9th Cir.1982). "[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970).

The court issued its injunction under the third exception, the "relitigation" exception. It allows federal courts to enjoin state court proceedings to protect the res judicata effect of their judgments. *Midkiff v. Tom,* 725 F.2d 502, 504 (9th Cir.1984). "Such an injunction is appropriate where a federal litigant has prevailed on the merits,

yet is threatened with burdensome and repetitious relitigation of the same issues in a multiplicity of actions." *Id.; cf. Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir.1980) (district court has power under § 1651(a) to enjoin litigants who are abusing court system by harassing their opponents).

Because of the sensitive nature of interfering with an ongoing state action, courts require a "strong and unequivocal showing" of relitigation. *Bluefield Community Hospital, Inc. v. Anziulewicz,* 737 F.2d 405, 408 (4th Cir.1984). This approach is justified because issue and claim preclusion arguments may be made in state court after the federal court declines to grant an injunction.

In *Parsons Steel, Inc. v. First Alabama Bank,* —— U.S. ——, ——, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986), the Supreme Court limited the relitigation exception "to those situations in which the state court has not yet ruled on the merits of the res judicata issue." That requirement is satisfied here because the injunction was sought before the state court considered the preclusion issue.

### B. Collateral Estoppel

The court concluded that Campbell was entitled to assert collateral estoppel in the state action. It found that Bower had a full and fair opportunity to litigate the same issues in the *Golden* action during the fairness hearings. It also found an inference of harassment.

"Under the doctrine of collateral estoppel, once a court in a prior action has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a different cause of action involving a party to the prior case." *Geophysical Corp.,* 732 F.2d at 697. Federal courts do not require mutuality of estoppel. 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.441[3.–2] at 735 (2d ed. 1984). In general, a party who has had a full and fair opportunity to litigate an issue determined

---

1. Bower claims that the Consent Decree is unfair and the result of collusion and fraud. Because Bower did not appeal the Consent Decree, these claims are not properly before us.

by the judgment is estopped to relitigate the same issue in a subsequent action against a different defendant. *Id.*

In *Samuel C. Ennis & Co., Inc. v. Woodmar Realty Co.*, 542 F.2d 45, 46 (7th Cir.1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1112, 51 L.Ed.2d 543 (1977)[2], the original action involved a 28-year bankruptcy proceeding. The court found no fraud. *Id.* at 47. That order was not appealed. *Id.* Five years later, the bankrupt filed a state action, charging the trustee and nonparty attorneys involved in the bankruptcy proceedings with fraud. *Id.* at 47–48.

The Seventh Circuit held that the nonparty attorneys were entitled to collateral estoppel because the bankrupt had a fair and full opportunity to litigate the same issues in the bankruptcy proceeding. *Id.* at 49. The court upheld the issuance of an injunction against relitigation in state court. *Id.* We find its analysis persuasive:

> The Bankruptcy Act could not be properly administered without attorneys to appear on behalf of the parties.... These persons should be protected ... from the burden and expense of relitigation in a state court. Especially is this so when the charges sought to be relitigated were found ... to have been made in bad faith. Injunctive relief is needed to preserve the full 'fruits and advantages' of the federal judgment.... Furthermore, allowing an unsuccessful litigant to harass other participants in a federal case flouts and may be said to 'seriously impair the federal court's ... authority to decide that case.'

*Id.* at 49–50 (citations omitted).

### C. *Consent Decree and Memorandum Re Fairness*

The parties contest whether the consent decree alone can serve as a basis for collateral estoppel. Under the relitigation exception, the proper inquiry is whether Bower had a fair and full opportunity to litigate the issues of malpractice and fraud. To resolve this question, we examine the entire federal court record.

Campbell's conduct was challenged on several occasions. Bower objected to the decree and to Campbell's representation during the fairness hearings. He filed nine or ten declarations regarding Campbell's conduct. These allegations were countered by other Bower class members and by Campbell himself.

The court made specific findings regarding Campbell's competency in its Memorandum Re Fairness of Settlement. The issue of Campbell's conduct was litigated again during Gottlieb's motion for substitution and subsequent motion for reconsideration.

Lastly, in support of this injunction, the court found:

> The conduct of Campbell as counsel and the relevant attorney-client relationship were litigated in the Golden action during the fairness hearings and addressed by this court after Bower, Finn, Woodruff, Moreno and Olson had a full opportunity to present evidence in favor of their claims. If this court would have accepted the Bower objections during the fairness hearings of the fraud and malpractice claims against Campbell, the court may have removed Campbell as class counsel and rejected the settlement. Instead, the court found the settlement fair in all respects and praised the admirable job which Campbell performed on a marginal case. If Bower, Finn, Woodruff, Moreno and Olson were dissatisfied with the consent decree and the court's findings as to Campbell's representation, they should have appealed the matter. They failed to do so.

### D. *Irreparable Harm*

The court found that irreparable harm will flow to Campbell and to the state court

---

**2.** It is unclear whether *Ennis* survives *Parsons.* There is nothing to indicate whether the state court had ruled on the merits of the preclusion issue. Absent any indication to the contrary, we assume *Ennis* remains viable.

system if the state action is allowed to proceed. Campbell correctly asserts that Bower did not challenge these findings in his opening brief.

However, Bower does challenge the irreparable harm findings in his reply brief. "The general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Thompson v. Commissioner of Internal Revenue,* 631 F.2d 642, 649 (9th Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981).

Even if we consider Bower's late challenge, the claim fails on the merits. The court's factual findings regarding irreparable harm are not clearly erroneous.

CONCLUSION

Bower had a fair and full opportunity to litigate questions of malpractice and fraud. The state action was an attempt to harass Campbell and an abuse of court process. The court did not abuse its discretion by enjoining the prosecution in state court.

AFFIRMED.