GOLDEN GATE HOTEL ASSOCIATION,
Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCIS-
CO, Tenderloin Housing Clinic, Inc.,
North of Market Planning Coalition,
and Brad Paul, Defendants.

No. C–91–3386–JPV.

United States District Court,
N.D. California.

Sept. 9, 1993.

Violet Elizabeth Grayson, Grayson & Topsfield, San Francisco, CA, for plaintiff.

Louise H. Renne, Burk F. Delventhal, Thomas J. Owen, San Francisco City Atty., San Francisco, CA, for City and County of San Francisco.

Randall M. Shaw, Timothy J. Lee, Tenderloin Housing Clinic, San Francisco, CA, for Tenderloin Housing Clinic, Inc.

Douglas R. Young, Tamar Pachter, Farella Braun & Martel, San Francisco, CA, for North of Market Planning Coalition.

ORDER ON DEFENDANTS' MOTIONS TO RECONSIDER AND CERTIFY FOR APPEAL ORDER OF JUNE 21, 1993 AND PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER ENTERING PERMANENT INJUNCTION AND MODIFYING COURT'S JUNE 21, 1993 ORDER

VUKASIN, District Judge.

## INTRODUCTION

Plaintiff, Golden Gate Hotel Association, brought a motion for temporary restraining order. Defendants City and County of San Francisco and Brad Paul (collectively "City"), North of Market Planning Coalition ("North of Market"), and Tenderloin Housing Clinic, Inc. ("Tenderloin") brought motions to reconsider and to certify for interlocutory appeal the court's June 21, 1993 order granting plaintiff's motion for summary judgment on its first cause of action. The court scheduled the motions for hearing on August 12, 1993. After a review of the briefs, the court submitted the motions without oral argument pursuant to Local Rule 220-1 and now herein rules on those motions.

## BACKGROUND

Plaintiff brought suit seeking, *inter alia,* a declaration that the City's Hotel Conversion Ordinance ("Ordinance")[1] violates the fifth amendment's proscription of taking private property without just compensation. By order dated June 21, 1993, the court granted plaintiff's motion for summary judgment on its first of eleven causes of action, declaring the Ordinance unconstitutional on its face.

Defendants filed motions for reconsideration and certification for interlocutory appeal of the court's June 21 order. Before defendants' motions were to be heard, plaintiff filed a motion for a temporary restraining order, seeking to enjoin the City from continuing to enforce the Ordinance. The court coordinated the briefing and consolidated the hearing of defendants' and plaintiff's motions. Those motions are the subject of this Order.

## DISCUSSION

### I. Defendants' Motions

■ Defendants move for the court to reconsider its order of June 21 or to certify it for interlocutory appeal and stay effect of the order pending appeal. Defendants allege that the court's order erred concerning the following issues:

(1) the ripeness of plaintiff's facial challenge of the Ordinance;

(2) the timeliness of defendants' second motion for summary judgment, which was based on the alleged untimeliness with respect to the statute of limitations of plaintiff's facial challenge of the Ordinance;

(3) the constitutionality of the Ordinance.

1. San Francisco Administrative Code §§ 31, *et seq.*

The court does not find that it erred in its ruling on those issues, nor that certification of the order for interlocutory appeal is appropriate. Accordingly, defendants' motions are denied.

## II. Plaintiff's Motion for TRO

■ Plaintiff moves for a temporary restraining order enjoining defendants from enforcing the Ordinance and requiring defendants to withdraw without prejudice any motions pending in state court in cases regarding enforcement of the Ordinance. Plaintiff argues that such injunctive relief is necessary to effectuate defendants' compliance with the court's June 21 order granting plaintiff summary judgment on its first cause of action, wherein the court declared the Ordinance facially unconstitutional.

■ Defendants correctly point out that issuing a TRO or preliminary injunction on plaintiff's first cause of action would be procedurally inappropriate since the court has already decided that claim on the merits. Any injunction issued on the first cause of action thus must be a permanent injunction, and a permanent injunction cannot issue unless based upon a valid, appealable judgment. *Alpine State Bank v. Ohio Casualty Ins. Co.,* 941 F.2d 554, 558–59 (7th Cir.1991).

In reply to defendants' argument, plaintiff urges that if the court accepts defendants' premise that only permanent injunctive relief is appropriate, it should issue partial judgment on plaintiff's first cause of action and issue a permanent injunction thereon.

The court does accept defendants' premise that preliminary injunctive relief is inappropriate. Accordingly, plaintiff's motion for a TRO is denied. However, in order that it may effectuate its June 21 order declaring the Ordinance unconstitutional, the court will issue partial judgment on plaintiff's first cause of action and grant plaintiff's request for a permanent injunction. *See* accompanying partial judgment and discussion and order on permanent injunction, section III of this Order, *infra.*

## III. Permanent Injunction

■ The court shall herein enter a permanent injunction against defendants in order to effectuate the court's order of June 21, 1993 (as modified by this order in section IV, *infra* ), which granted plaintiff's motion for summary judgment on its first cause of action, declaring the Ordinance unconstitutional. The permanent injunction is further entered pursuant to the partial judgment in favor of plaintiff, entered on this day on the first cause of action.

The permanent injunction shall enjoin defendants from enforcing the Ordinance, shall free plaintiff and all hotel owners from the posting and filing requirements and all other provisions of the Ordinance. The injunction shall further enjoin defendants from pursing any administrative or judicial proceedings against plaintiff or any other party in state court or before any administrative body.

■ The injunction against pursuing any other administrative or state court proceedings is not in violation of the Anti–Injunction Act, 28 U.S.C. § 2283, since it comes under the third exception to the rule: "where necessary ... to protect or effectuate [the court's] judgments." Such an injunction is appropriate here in order to protect the res judicata effect of the court's judgment entered today in favor of plaintiff on its first cause of action. "Such an injunction is appropriate where a federal litigant has prevailed on the merits, yet is threatened with burdensome and repetitious relitigation of the same issues in a multiplicity of actions." *Midkiff v. Tom,* 725 F.2d 502, 504 (9th Cir. 1984). An injunction against proceedings in state court should issue "to protect the party who has succeeded in the federal court ... from being subject to the possibility of a contrary decision by the state court which would nullify or impair the effect of the federal judgment." *Id.*

Accordingly, good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendants City and County of San Francisco, Tenderloin Housing Clinic, Inc., North of Market Planning Coalition, and Brad Paul are hereby permanently enjoined and prohibited from enforcing the Residen-

tial Hotel Ordinance, from inspecting premises or records pursuant to the Residential Hotel Ordinance, and from seeking, collecting, or accepting fees or fines of any nature (including attorneys' fees) pursuant to the Residential Hotel Ordinance.

2. Defendants are ordered to immediately withdraw without prejudice any such request for fees or fines which is now pending before any administrative body or any state court.

3. Plaintiff and any hotel in the City of San Francisco that possesses a hotel Permit of Occupancy issued by the San Francisco Department of Public Works, and which is classified as a hotel by the San Francisco Assessor's Office, are hereby permanently relieved from the posting and filing requirements and all other provisions of the Residential Hotel Ordinance, including the rules regarding maintenance and preservation of "residential units."

*IV. Modification of June 21 Order*

 Good cause appearing, the court's June 21, 1993 order granting plaintiff's motion for summary judgment on its first cause of action is hereby amended as follows:

The text appearing at section IV.B. of the order (page 18, lines 4–12 and n. 11) shall be expunged and the following text substituted in its place:

"The *Lucas* court held that a second category of cases in which a per se taking exists is where regulation denies the landowner all economically beneficial or productive uses of land. *Lucas* at 2893. Such is not the case here, as the Ordinance allows (or compels) the landowner to continue use of his property as a residential hotel, and thus the Ordinance cannot be said to deny *all* economically productive use of the land. This finding, however, does not end the court's inquiry for, as noted by the *Lucas* court, the per se rule—which applies only to cases where the landowner has been completely deprived of his economically productive uses—does not mean that "the landowner whose deprivation is one step short of com-

plete is not entitled to compensation." *Lucas* at 2985 n. 8.

Such an owner might not be able to claim the benefit of our categorical formulation, but, as we have acknowledged time and again, the economic impact of the regulation on the claimant and ... the extent to which the regulation has interfered with distinct investment-backed expectations are keenly relevant to takings analysis generally.

*Id.* (citation and internal quotation omitted).

The court thus must analyze to what extent plaintiff has been deprived of its economically productive use. Such an analysis is problematic, as acknowledged by the *Lucas* court, because the "deprivation of economically productive use" rule "does not make clear the 'property interest' against which the loss of value is to be measured." *Id.* at 2894 n. 7. The Supreme Court's suggested answer to this riddle is hereby adopted by the court—the answer lies in "how the owner's reasonable expectations have been shaped by the State's law of property—*i.e.*, whether and to what degree the State's law has accorded legal recognition and protection to which the takings claimant alleges a diminution in (or elimination of) value." *Id.*

The interests that the hotel owners allege have been diminished by the Ordinance are the classic common law property rights to exclude, to use as the owner sees fit, and to possess, and the statutorily-based right to go out of the rental business.[2] As discussed *infra* in sections IV.C. and IV.D. of this Order, those rights have been deeply trenched upon. Consequently, the economically viable uses of the hotel owners' land have been significantly diminished. Accordingly, although the plaintiff hotel owners are not denied *all* economically productive uses of their land, the court finds that the Ordinance so deeply trenches on the hotel owners' investment-backed expectations and their classic property rights to use, possess, and exclude as to constitute a deprivation of economically

2. Granted to California landlords by the Ellis Act, Cal.Gov't Code § 7060.

productive use, and thus constitute a taking.

The June 21, 1993 order on cross-motions for summary judgment is further modified as follows:

The first sentence of the text at section IV.F. of the order (page 23, lines 20–26) shall be expunged and the following text substituted in its place:

"In accordance with the foregoing discussion, this court finds that the challenged Ordinance is unconstitutional on its face because it too severely trenches on the hotel owners' reasonable investment-backed expectations, it too significantly deprives the hotel owners of three strands of their bundle of property rights, it too severely diminishes the economically viable uses of the land, and it fails to substantially advance legitimate state interests."

A copy of the order on cross-motions for summary judgment as modified is attached hereto as Exhibit A.

## CONCLUSION

In accordance with the foregoing discussion, IT IS HEREBY ORDERED as follows:

1. Defendants' motions to reconsider and certify for interlocutory appeal the court's June 21, 1993 order granting plaintiff's motion for summary judgment on its first cause of action are DENIED.

2. Plaintiff's motion for a temporary restraining order is DENIED.

3. The court, by accompanying judgment and order, shall enter partial judgment in favor of plaintiff on its first cause of action and shall grant plaintiff's request for a permanent injunction thereon.

4. Defendants City and County of San Francisco, Tenderloin Housing Clinic, Inc., North of Market Planning Coalition, and Brad Paul are hereby permanently enjoined and prohibited from enforcing the Residential Hotel Ordinance, from inspecting premises or records pursuant to the Residential Hotel Ordinance, and from seeking, collecting, or accepting fees or fines of any nature (including attorneys' fees) pursuant to the Residential Hotel Ordinance.

5. Defendants are ordered to immediately withdraw without prejudice any such request for fees or fines which is now pending before any administrative body or any state court.

6. Plaintiff and any hotel in the City of San Francisco that possesses a hotel Permit of Occupancy issued by the San Francisco Department of Public Works, and which is classified as a hotel by the San Francisco Assessor's Office, are hereby permanently relieved from the posting and filing requirements and all other provisions of the Residential Hotel Ordinance, including the rules regarding maintenance and preservation of "residential units."

7. The court's June 21, 1993 order is MODIFIED as outlined in the Discussion section of this Order.

8. The motions of plaintiff and of third party San Remo Hotel for permission for San Remo Hotel to file an amicus curiae brief regarding the motions that are the subject of this Order is DENIED.

IT IS SO ORDERED.