**Raymond Keith FOSTER, Keith Mfg. Co., Inc., and Keith Sales Co., Plaintiffs,**

v.

**HALLCO MANUFACTURING CO., INC., Olof A. Hallstrom, and Robert Martin Snellman, Defendants.**

Civ. No. 88–959–PA.

United States District Court, D. Oregon.

Sept. 12, 1995.

478

Ted E. Runstein, Thomas R. Rask, Kell, Alterman & Runstein, Portland, OR, Delbert J. Barnard, Glenn D. Bellamy, Barnard, Pauly & Bellamy, P.S., Seattle, WA, for plaintiffs.

Peter E. Heuser, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, OR, Michael J. Esler, Kim T. Buckley, Esler, Stephens & Buckley, Portland, OR, for defendants Hallco Mfg. Co., Inc. and Olof A. Hallstrom.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of the plaintiffs, Raymond Keith Foster, Keith Mfg. Co., Inc. and Keith Sales Co. (collectively Foster), for contempt (# 582–1) and for an injunction (# 582–2) against the defendants, Hallco Manufacturing Co., Inc. and Olof A. Hallstrom (collectively Hallco).

## BACKGROUND

In November of 1992, a jury returned a verdict in favor of Foster and against Hallco. The jury answered "yes" to the following special interrogatory:

> *Interrogatory No. 13:* Did Foster prove by clear and convincing evidence that Hallstrom failed to disclose the best mode known to him when he filed the application which became the '760 patent, as to either claim 1 or claim 4 of the '760 patent?

The jury answered "no" to this special interrogatory:

> *Interrogatory No. 16:* Do you find that Foster tried to mislead the court in his 1991 affidavit, Defendant's Exhibit 671, with respect to the 1973 45–foot Wilkens drive unit?

The jury answered "yes" to this special interrogatory:

> *Interrogatory No. 17:* Do you find that Foster tried to willfully mislead the court and jury with respect to the drive unit, identified as Plaintiff's Exhibit 162, the drive unit which Foster contends represents the 1973 45–foot Wilkens drive unit?

Following the verdict of the jury, Hallco filed a motion for a new trial. Hallco argued that it was denied an opportunity to fully and fairly present its case and defenses because Foster had willfully intended to mislead the jury or to mislead the court with respect to the Wilkens drive unit. In denying the motion for a new trial, this court said:

> The jury did not find, by clear and convincing evidence, that Foster willfully intended to mislead the jury or to mislead

the court. Moreover, the trial tactics and strategy of Foster did not deny Hallco an opportunity to fully and fairly present its case or defenses. Hallco has not met its burden to show that it is entitled to a new trial or to relief from judgment.

Opinion filed on September 14, 1993 in Civil No. 88–959, p. 6 (Exhibit C in Support of Plaintiffs' Motion for Contempt and Injunction).

Hallco appealed this court's denial of its motion for a new trial and relief from judgment, but did not appeal the ruling that its '760 patent was invalid. The Appeals Court affirmed the judgment of this court in all respects.

On March 28, 1994, Hallco filed an action against Foster in the Circuit Court of the State of Oregon for the County of Tillamook for the tortious interference with business, trade defamation, and violations of the Oregon Racketeer Influenced and Corrupt Organization Act, O.R.S. 166.715 *et seq.* (ORICO). Foster removed the case to the United States District Court for the District of Oregon on the basis of federal question jurisdiction. Hallco then filed a motion to remand the action to the Circuit Court of the State of Oregon for the County of Tillamook, which was granted by the Honorable Donald C. Ashmanskas, United States Magistrate Judge. Foster filed objections to the ruling of Magistrate Judge Ashmanskas; however, this court ruled that it did not have jurisdiction to review the ruling of Magistrate Judge Ashmanskas because the case had been certified and transferred to the state court. Foster petitioned the United States Court of Appeals for the Ninth Circuit for a writ of mandamus. The United States Court of Appeals for the Ninth Circuit ruled that the motion to remand was not reviewable on appeal and denied Foster's petition for a writ of mandamus. Foster then filed this motion for contempt and an injunction.

## CONTENTIONS OF THE PARTIES

Foster contends that the action filed by Hallco which is now in the Circuit Court of the State of Oregon for the County of Tillamook involves the same issues that were litigated and decided in favor of Foster in this action for patent infringement. Foster contends that this court should enjoin the Tillamook County Circuit Court from determining Hallco's causes of action for the tortious interference with business, trade defamation, and ORICO violations in order to protect the res judicata effect of the judgment of this court.

Hallco contends that its claims for the tortious interference with business, for trade defamation under the laws of the State of Oregon, and for ORICO violations do not involve issues that were previously litigated in this court, and that the motion of Foster for an injunction should be denied. In addition, Hallco contends that the motion of Foster for contempt should be denied because Foster has not identified any order, opinion, or judgment of this court that Hallco has disobeyed.

## APPLICABLE LAW

Under the Anti–Injunction Act, 28 U.S.C. § 2283, federal courts may not enjoin state court actions unless (1) Congress has expressly authorized such relief by statute, (2) an injunction is necessary in aid of the jurisdiction of the court, or (3) an injunction is necessary to protect or effectuate the judgments of the court. *Golden v. Pacific Maritime Ass'n,* 786 F.2d 1425, 1427 (9th Cir. 1986). These exceptions to the Anti–Injunction Act are strictly construed. *Id.* There must be a strong and unequivocal showing of relitigation before a federal court may enjoin state court proceedings to protect the res judicata effect of its judgments because res judicata and collateral estoppel may be raised as defenses in the state court proceeding. *Id.*

The doctrine of collateral estoppel may preclude a party from relitigating an issue of fact or law necessarily determined by a court in a prior action involving the same party. *Golden v. Pacific Maritime Ass'n,* 786 F.2d 1425 (9th Cir.1986). "In general, a party who has had a full and fair opportunity to litigate an issue determined by the judgment is estopped to relitigate the same issue in a subsequent action against a different defendant." *Id.* at 1427–28.

## ANALYSIS AND RULING

■ Foster alleges, in part, in its complaint which is pending in the Circuit Court of the State of Oregon for the County of Tillamook as follows:

### 5.

All defendants engaged in tortious interference with business with plaintiffs Hallco and Hallstrom by undertaking a pattern of conduct that included tampering with physical evidence in two consolidated federal court patent cases. Foster, Keith Mfg., and Foster Development also engaged in unfair competition with plaintiffs Hallco and Hallstrom by threatening frivolous patent infringement suits....

### 6.

Foster, Keith Mfg., and Foster Development also engaged in trade defamation concerning plaintiffs Hallco and Hallstrom by undertaking a pattern of conduct that included falsely stating to potential customers of Hallco that Hallco was on the verge of bankruptcy, and that Hallco would not be in business for more than a year....

### 7.

All defendants violated the Oregon Racketeering and Corrupt Organization Act by conducting or participating in an enterprise, in which they were associated or by which they were employed, through a pattern of racketeering activity....

Amended Complaint for Tortious Interference with Business, Trade Defamation, and ORICO Violations, pp. 3–4 (Exhibit G in Support of Plaintiffs' Motion for Contempt and Injunction).

Foster argues that the court made a final determination with respect to whether Foster tampered with physical evidence or presented false testimony in this patent infringement action when the court denied Hallco's motion for a new trial. In denying Hallco's motion for a new trial, this court determined that the jury's answer to Interrogatory No. 17 did not provide a basis for a new trial because the court had no way of knowing whether the jury had based its answer to Interrogatory No. 17 on clear and convincing evidence. This court also declined to make a separate finding that Hallco had proven by clear and convincing evidence that Foster had willfully attempted to mislead the jury and the court. Finally, the court found that even if Foster had willfully attempted to mislead the jury and the court, Hallco had not been prevented from fully and fairly presenting its case and its defenses regarding patent infringement. The court did not determine, however, whether Foster had attempted to mislead the jury and the court or whether Foster had presented false evidence or perjured testimony.

Although the action filed in Tillamook County involves the same parties, and although Hallco has alleged some of the same facts that it alleged in this case and in the motion for a new trial in this case, the issues which were litigated and finally determined in this case are not being litigated again in the Tillamook County Circuit Court. Accordingly, under the Anti–Injunction Act, 28 U.S.C. § 2283, this court may not enjoin the proceedings in the Tillamook County Circuit Court.

Since the court has concluded that Hallco's amended complaint for the tortious interference with business, trade defamation, and ORICO violations does not involve issues that were litigated and finally determined in this action, there is no basis for holding Hallco in contempt of any order, opinion, or judgment entered in this action on the basis of the complaint that was filed in the Tillamook County Circuit Court.

## CONCLUSION

The motion of Foster for contempt (# 582–1) and for an injunction (# 582–2) is denied. Foster's request for oral argument is denied.

## ORDER

IT IS HEREBY ORDERED that the motion of the plaintiffs for contempt (# 582–1) and for an injunction (# 582–2) is DENIED.

The plaintiffs' request for oral argument is DENIED.