**GENERAL MOTORS CORPORATION,
a Delaware corporation,
Plaintiff—Appellee,**

v.

**Stephen G. CAVANAGH, an individual; Daniel F. Vreeland, an individual; Vreeland Cadillac, Inc., a Pennsylvania Corporation dba Vreeland Cadillac—Pontiac, Defendants—Appellants.**

No. 01–55187.

D.C. No. CV–00–12617–R/RZx.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Nov. 20, 2001.

Before HALL, MICHEL,[1] and TROTT, Circuit Judges.

## MEMORANDUM [2]

Stephen Cavanagh, Daniel Vreeland and Vreeland Cadillac, Inc. (collectively, "Vreeland"), appeal a preliminary injunction entered by the district court prohibiting them from pursuing claims in state court against General Motors Corporation ("GM") that were or could have been raised in a previous federal action that was dismissed with prejudice pursuant to a settlement agreement. Because the district court was properly protecting its prior order, we affirm.

### I.

■ Vreeland first argues that the district court did not have jurisdiction to issue the injunction. GM counters that the district court had both diversity and ancillary jurisdiction to protect and effectuate its prior judgment. We agree with GM.

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. The complaint meets both the complete diversity and amount in controversy requirements because it names par-

---

1. The Honorable Paul R. Michel, Circuit Judge for the Federal Circuit, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ties who are citizens of different states and alleges damages exceeding $75,000. Vreeland's argument that no diversity jurisdiction exists because the state action has non-diverse parties fails: the non-diverse parties are not indispensable because they were not parties to the prior litigation, the subject of the instant action. *See* 7 Wright & Miller, *Federal Practice & Procedure* § 1610 (3d ed.) (Rule 19). This is not a case in which diversity jurisdiction was "artificially created by failing to join parties indispensable to the action and claiming instead against a citizen of a different state who is merely a possible party to the action." *Clinton v. Int'l Org. of Master, Mates & Pilots of Amer, Inc.*, 254 F.2d 370, 372 (9th Cir.1958).

Additionally, a federal district court can exercise ancillary jurisdiction over a second action in order to secure or preserve a judgment or decree rendered by that court in a prior action. *Local Loan Co. v. Hunt*, 292 U.S. 234, 239, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (stating that ancillary jurisdiction enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees.") Such jurisdiction is appropriate where filing in state court would effectively nullify the judgment of a prior federal action. *Id.* This is true even where the federal district court would not have jurisdiction over the second action if it had been brought as an original suit, because jurisdiction is based on the original case. *Id.; see also Regions Bank of La. v. Rivet*, 224 F.3d 483, 493 (5th Cir.2000); *Mooney Aircraft, Inc. v. Foster*, 730 F.2d 367, 374 (5th Cir.1984).

Accordingly, ancillary jurisdiction encompasses GM's claim that the state action violates the court's stipulated judgment dismissing the prior litigation with prejudice and undermines the res judicata effect of that dismissal. Vreeland's reliance on *Kokkonen* is misplaced because here the district court was acting to protect its prior judgment rather than to adjudicate contractual claims arising under the settlement agreement.

## II.

■ The Anti–Injunction Act, 28 U.S.C. § 2283, bars federal courts from enjoining ongoing state court proceedings except in specific and narrow circumstances. The district court enjoined the state proceedings under the relitigation exception to the Anti–Injunction Act, to protect and effectuate its judgment. The relitigation exception to the Anti–Injunction Act " 'allows federal courts to ... protect the res judicata effect of their judgments' and prevent the harassment of successful federal litigants through repetitious state litigation." *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir.1991) (quoting *Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1427 (9th Cir.1986)). Enjoining the state proceeding under this exception is based on strictly construed federal principles of res judicata.[3] *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988); *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 870–71 & n. 11 (9th Cir.1992).

Under principles of res judicata, a judgment is conclusive "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which

---

**3.** Although Vreeland is correct that the terms of the Agreement require the Agreement's provisions to be construed in accordance with California law, federal, not state, law determines the preclusive effect of a federal court judgment. *Blonder–Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n. 12, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 n. 11 (9th Cir.1992).

might have been offered for that purpose." *Nevada v. United States,* 463 U.S. 110, 130, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). The test for whether the state action is barred is whether it arises from the same "transaction, or series of transactions" as the prior litigation. Restatement (Second) Judgments § 24(1) (cited with approval in *Nevada,* 463 U .S. at 130–31 n. 12, 103 S.Ct. 2906). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys.,* 958 F.2d at 871.

■ The preliminary injunction properly prohibits any claim that would or could have been raised in the prior action before April 1, 1999. Such claims are barred by the res judicata effect of the settlement agreement, which terminated a previous federal district court action involving similar claims. *See United States v. Real Property Located at 22 Santa Barbara Drive,* 264 F.3d 860 (9th Cir.2001) (holding that a party's stipulation to dismiss certain claims bars future action on those claims). Furthermore, the agreement contains a broadly-worded release barring claims against GM and any affiliated entities from any cause of action that could have been alleged in the prior litigation.

Moreover, we find that the injunction properly bars only those claims which "were or could have been raised" in the prior litigation against GM or its subsidiaries "before April 1, 1999," and is not, therefore, overbroad. Vreeland's state successor addendum and additional franchise claims are barred because, although GM denied Vreeland's requests approximately two months after the district court dismissed the prior litigation, it did so relying on pre-settlement figures. GM has settled its right to refuse Vreeland's applications based on the 1993–1997 sales figures. Since Vreeland's performance did not change subsequent to the 1997 denials, GM could continue to rely on these earlier figures in denying Vreeland's applications.[4] The 1998 figures merely demonstrated that Vreeland's performance was unchanged, a fact which Vreeland has not even attempted to rebut.

Similarly, the bar of Vreeland's vehicle allocation claim is properly limited in scope to GM's alleged improper allocation of vehicles on or before April 1, 1999. The preliminary injunction does not preclude Vreeland from asserting claims of improper allocation that occurred after that date.

Vreeland's claim regarding the acquisition, assets, ownership structure or operation of the Rydell dealerships and the resulting market reconfiguration is also barred because the dealership was established and began operation in 1998. Thus, absent any more recent changes, any alleged market reconfiguration occurred prior to April 1, 1999.

Finally, the preliminary injunction properly bars Vreeland's preferential treatment claim only to the extent that the claim relies on acts occurring prior to April 1, 1999. Moreover, the injunction is properly limited to claims against GM or its subsidiaries in accordance with the agreement.

For the foregoing reasons, the district court's entry of a preliminary injunction is AFFIRMED.

---

4. Although GM may not be able to do so indefinitely, it is not necessary to determine how long it may rely on the 1993–1997 figures at this time. The prior adjudication and preliminary injunction do not bar claims arising from wrongful utilization of the 1998 or later sales figures.