**BECHTEL PETROLEUM, INC.,**
formerly Bechtel Incorporated,
Plaintiff/Appellant,

v.

**Thomas B. WEBSTER, Eric S. Schrank, Van A. Bulf, Peter S. Churgel, Delbert D. Hoke, Sam C. Bitetti, et al., Defendants/Appellees.**

**State of Alaska,**
Intervenor-Defendant/Appellee.

No. 85–2422.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1986.

Decided June 20, 1986.

Jon Anderson, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for plaintiff-appellant.

Stephan H. Williams, Anchorage, Alaska, for defendants-appellees.

Before HUG, BEEZER and KOZINSKI, Circuit Judges.

PER CURIAM:

Bechtel Petroleum, Inc. ("Bechtel") seeks reversal of the district court's dismissal of its suit to enjoin an action in Alaska state court. Bechtel contends that a state wage and hours class action suit brought by its employees must be enjoined, in part, to protect the res judicata effect of a consent judgment entered in a federal Fair Labor Standards Act ("FLSA") enforcement case brought against appellant by the Secretary of Labor.[1]

The Anti-Injunction Act, 28 U.S.C. § 2283, generally prohibits a federal court from granting an injunction to stay proceedings in state court, but authorizes an exception for an injunction "where necessary ... to protect or effectuate its judgments." *See Parsons Steel, Inc. v. First Alabama Bank,* — U.S. —, 106 S.Ct. 768, 770, 88 L.Ed.2d 877 (1986); *see generally Golden v. Pacific Maritime Association,* 786 F.2d 1425, 1428 (9th Cir.1986). Bechtel relies on this "relitigation exception" in contending the district court erred by refusing to enjoin the state court action.

---

1. The State of Alaska intervened before the district court on behalf of the appellee employees. The Secretary of Labor has filed an amicus curiae brief in support of the appellee employees.

This appeal raises several difficult questions involving application of res judicata principles, including (1) whether the Secretary of Labor must be regarded as the "privy" of affected employees when bringing an FLSA enforcement action against an employer, despite the fact that employees may not participate in or object to the action; (2) if the Secretary is regarded as a privy for purposes of the FLSA, whether the Secretary has any authority to compromise employee claims based on state wage and hour acts; (3) whether employees' acceptance of backpay awards in settlement of an FLSA complaint constitutes waiver of claims based on state statutes; (4) whether an action based on a state wage and hour act involves a distinct and separate claim from that raised in an FLSA enforcement action due to the claim's source in state law or differences in available remedies; and (5) whether employees should be permitted to split a cause of action between an enforcement suit brought by the Secretary and a private state action because of the remedial policy expressed in the FLSA or the jurisdictional impossibility of raising any state claim in the federal enforcement suit.

The district court's comprehensive opinion, reported at 636 F.Supp. 486 (N.D.Cal. 1984), identifies and thoroughly discusses each of these issues. Having carefully reviewed the record and considered appellant's contentions, we conclude that the district court correctly resolved the issues presented. We therefore affirm on the basis of District Judge Orrick's well reasoned opinion, which we adopt as our own.

■ Furthermore, we note that a decision whether to enjoin a state court proceeding pursuant to the narrow exceptions in the Anti-Injunction Act is committed to the discretion of the district court.[2] *Golden*, 786 F.2d at 1427–1428. Doubts as to the appropriateness of an injunction should be "resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Vendo Co. v. Lektra-Vend Corp.*, 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977) (plurality opinion) (quoting *Atlantic Coast Line Railway Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970)); *see also Golden*, 786 F.2d at 1427.

Judge Wisdom's words regarding the relitigation exception are particularly relevant in this case:

We take the view that a complainant must make a strong and unequivocal showing of relitigation of the same issue in order to overcome the federal courts' proper disinclination to intermeddle in state court proceedings. If we err, all is not lost. A state court is as well qualified as a federal court to protect a litigant by the doctrines of res judicata and collateral estoppel.

*Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir.1960).[3]

■ As the district court's analysis of the difficult res judicata issues presented in this case clearly demonstrates, Bechtel has simply failed to make the "strong and unequivocal showing of relitigation" neces-

---

**2.** Judge Orrick was in the best position to assess the strength of this relitigation allegation as he was the same judge who presided over the federal FLSA enforcement proceeding which is the alleged basis for res judicata preclusion. *See Delta Airlines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 586 (11th Cir.1983); *Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir.1960).

**3.** On the record in this case, it appears that the Alaska state court, although having issued a pre-trial ruling against Bechtel on the res judicata issue, has not yet finalized its judgment. Were the state court's judgment denying res

judicata effect to the FLSA enforcement action final, we would be bound by that determination. Bechtel's injunction action would itself be barred by the res judicata effect given to the state court's holding that the state wage and hour action is not precluded by the consent judgment in the FLSA enforcement action. *See Parsons Steel, Inc.*, 106 S.Ct. at 772 ("Once the state court has finally rejected a claim of res judicata, then the Full Faith and Credit Act [28 U.S.C. § 1738] becomes applicable and federal courts must turn to state law to determine the preclusive effect of the state court's decision.").

sary to justify such an injunction. *Id.; see also Golden,* 786 F.2d at 1428.

**AFFIRMED.**