**AMWEST MORTGAGE CORPORATION, Doss & Cavett, Plaintiffs–Appellants,**

v.

**Judith GRADY, et al., Defendants–Appellees,**

**Grand Capital Mortgage & Investment Co., Respondent–Appellee.**

No. 89–55388.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 26, 1990.*

Decided Feb. 11, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Steven P. Rice, Kindel & Anderson, Los Angeles, Cal., and David P. Lenhardt, Kinkle, Rodiger & Spriggs, Santa Ana, Cal., for plaintiffs-appellants.

Terrance R. McKnight, McKnight & Osborne, Los Angeles, Cal., for respondent-appellee.

Before GOODWIN, Chief Judge, SNEED and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Plaintiffs-appellants appeal a district court order denying their motion for a permanent injunction staying state court proceedings filed against them by defendants-appellees. The appellants contend that they are entitled to injunctive relief under the relitigation exception of the Anti–Injunction Act, 28 U.S.C. § 2283, and that the district court abused its discretion in denying that relief. We disagree and affirm the district court's order.

## FACTS AND PROCEEDINGS BELOW

In 1986, Amwest Mortgage Corporation brought a federal court suit against Grand Capital Mortgage Company and several other defendants to recover damages suffered as a result of a mortgage fraud scheme. Upon further investigation, Amwest Mortgage moved to voluntarily dismiss Grand Capital as a defendant. Grand Capital opposed the dismissal motion and requested sanctions against Amwest Mortgage pursuant to Fed.R.Civ.P. 11 for bringing the suit. The district court granted the dismissal motion and it denied Grand Capital's Rule 11 motion after a hearing. This decision was not appealed. Subsequently, Grand Capital and its vice-president, Robert H. Schacter, (hereinafter collectively "Grand") filed a complaint in California state court against Amwest Mortgage and its former counsel, Doss & Cavett, (hereinafter collectively "Amwest") alleging malicious prosecution, libel, intentional and negligent infliction of emotional distress, and conspiracy based on Amwest's actions in the federal suit.

Amwest motioned the district court to grant a permanent injunction staying the state court proceedings. Amwest contended that the issues alleged by Grand in state court had been disposed of by the federal court's denial of Grand's Rule 11 motion. The district court denied Amwest's motion. Amwest timely appeals.

## STANDARD OF REVIEW

■ A district court's order regarding permanent injunctive relief is reviewed for an abuse of discretion or application of erroneous legal principles. *Guadamuz v. Bowen*, 859 F.2d 762, 766 (9th Cir.1988); *Tollis Inc. v. San Bernardino County*, 827 F.2d 1329, 1331 (9th Cir.1987). "It is an abuse of discretion if the court rests its

conclusions on clearly erroneous factual findings or on incorrect legal standards." *Golden v. Pacific Maritime Ass'n,* 786 F.2d 1425, 1426–27 (9th Cir.1986) (citation omitted).

## DISCUSSION

The Anti–Injunction Act forbids a federal court from issuing an injunction to stay a state court action, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Amwest contends that an injunction is necessary in this case "to protect or effectuate" the district court's Rule 11 order. This third exception to the Anti–Injunction Act is commonly referred to as the relitigation exception.

 The relitigation exception "allows federal courts to ... protect the res judicata effect of their judgments" and prevent the harassment of successful federal litigants through repetitous state litigation. *Golden,* 786 F.2d at 1427 (citations omitted). However, we have warned that:

> [b]ecause of the sensitive nature of interfering with an ongoing state action, courts require a "strong and unequivocal showing" of relitigation. *Bluefield Community Hospital, Inc. v. Anziulewicz,* 737 F.2d 405, 408 (4th Cir.1984). This approach is justified because issue and claim preclusion arguments may be made in state court after the federal court declines to grant an injunction.

*Id.* In addition, any doubts regarding the appropriateness of an injunction "should be resolved in favor of permitting the state courts to proceed." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970).[1]

 Amwest contends that the district court's ruling on Grand's Rule 11 motion decided a necessary element of the state

tort claims. Therefore, the district court's order should be "protected" by enjoining the state action. Under California law, a malicious prosecution suit may be defended by showing that the underlying action was brought with probable cause. *Sheldon Appel Co. v. Albert & Oliker,* 47 Cal.3d 863, 886, 765 P.2d 498, 511, 254 Cal.Rptr. 336, 339 (1989) (the court must determine "whether any reasonable attorney would have thought the claim tenable...."). It is this "probable cause" element that Amwest contends was previously litigated during the Rule 11 motion.

 Rule 11 sanctions should be applied if a competent attorney, after reasonable inquiry, would not have a good faith belief in the merit of a legal argument. In its denial of Grand's Rule 11 motion, the district court found that Amwest's claim against Grand had been well-grounded in fact and was not frivolous, thus meeting the standard set by this court in *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986) ("[Reasonable] inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case...."). Amwest argues that this court's definition of "well-grounded in fact" is the same as the California state courts' definition of "probable cause."

 However, assuming that elements of the Rule 11 test and a malicious prosecution action are identical, simply identifying an issue in one case as the same as that in another does not entitle a party to the benefits of injunctive relief. "[O]ne general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Allen v. McCurry,* 449 U.S. 90, 95, 101

---

1. The Supreme Court has further limited the availability of the relitigation exception to "situations in which the state court has not yet ruled on the merits of the res judicata issue." *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 524, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986).

Because Amwest requested the injunction before the state court ruled on the issue in question, and both parties agree that at the time of the appeal the court has still not reached this point, *Parsons* does not foreclose this appeal. *See Golden,* 786 F.2d at 1427.

S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citations omitted).

Even if its state court action includes issues identical to those in a Rule 11 motion, Grand contends that it was not afforded an opportunity to fully and fairly litigate the Rule 11 issue because: 1) it was not allowed to conduct discovery; 2) it was not allowed to present and cross-examine witnesses; and 3) it was unable to proceed to a trial by jury. The scope of a Rule 11 hearing is much narrower than a full civil proceeding in state court. "[T]he court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances." Fed.R. Civ.P. 11, Notes of 1983 Advisory Committee on Rules.

Here, the district court in its denial of Amwest's motion emphasized the limited nature of the Rule 11 proceeding: "It was a motion, it was done without discovery, without any other aspects, and it is improper under those limited circumstances for a federal court to enjoin a state court from proceedings that are pending there." The district court concluded that there had not been a full and fair litigation of the issues on trial in state court. We have acknowledged that the federal judge who hears the proceeding which is alleged to provide a basis for res judicata or collateral estoppel relief is "in the best position to assess the strength of this relitigation allegation." *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253 n. 2 (9th Cir.1986), *cert. dismissed*, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 864 (1987).

Finally, the district court stated "[m]otions for sanctions come in here a dime a dozen, and very often they're denied for a number of reasons other than the actual merits. Unless it is a clear-cut case of egregious behavior, I generally do not impose sanctions." Injunctive relief is particularly inappropriate if the district court's decision may possibly be based on grounds other than those asserted in the state court action. *See Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336,

1339 (9th Cir.1988) (citing *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518–19 (9th Cir.1985) (citing *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970))).

Grand is correct in its contention that the "probable cause" issue was not fully and fairly litigated in the federal proceeding. Amwest has failed to meet "the 'strong and unequivocal showing of relitigation' necessary to justify such an injunction." *Bechtel*, 796 F.2d at 253–54 (quoting *Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir.1960)). The district court did not abuse its discretion in its order denying Amwest injunctive relief.

Finally, Grand Capital requests sanctions against Amwest for bringing this appeal. It is within this court's discretion to impose sanctions for a frivolous appeal. *See* Fed.R.App.P. 38. A claim is frivolous if the results are obvious or the arguments of error are wholly without merit. *See Wilcox v. CIR*, 848 F.2d 1007, 1009 (9th Cir.1988) (citations omitted). Because Amwest's appeal was not clearly meritless, we deny the request for sanctions.

## CONCLUSION

The district court did not abuse its discretion in denying Amwest's motion for injunctive relief to stay the state court proceedings against it. Because of the limited scope of Rule 11 proceedings, Grand did not have a full and fair opportunity to litigate the "probable cause" issue. For these reasons, the order of the district court denying injunctive relief is AFFIRMED.