977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. HEIMBAUGH, Plaintiff-Appellant,
v.
CITY & COUNTY OF SAN FRANCISCO, San Francisco Sheriff's
Dept., San Francisco Civil Service Commission, Michael
Hennessey, James F. Harrigan, Betty Bortin, Dan Flynn, Peter
Lichtmann, James Denman, Edgar Flower, Jr., et al.,
Defendants-Appellees.
 No. 91-16068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 27, 1992.*
Decided Oct. 8, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case ("Heimbaugh II ") is Robert Heimbaugh's second attempt to litigate his wrongful termination claim. Heimbaugh's first try, in federal court ("Heimbaugh I "), ended in a Fed.R.Civ.P. 12(b)(6) dismissal. He then filed the same claims in state court, and the defendant removed the case to federal court. The plaintiff moved to delete his federal claims to obtain a remand back to state court. The district court denied this motion, dismissed his claims pursuant to Fed.R.Civ.P. 12(b)(6), and enjoined him from further litigation based on these underlying facts. Heimbaugh filed a timely notice of appeal.[1]
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In 1982, Robert Heimbaugh was hired as a property keeper for the City and County of San Francisco. Soon afterwards, his immediate superior charged him with misconduct and ordered him to cease performing his official duties. Heimbaugh responded by reporting that his superior had engaged in sexual misconduct with female employees. In 1985, Heimbaugh, now a deputy sheriff, was the subject of a disciplinary hearing, after receiving a poor performance evaluation from a different supervisor. Heimbaugh reported that he had rejected this supervisor's sexual advances, which precipitated the poor evaluation. These charges were investigated and, like the earlier ones, were found to be without foundation. After this disciplinary hearing, Heimbaugh was ordered to take a one year leave of absence.
 
 
 4
 Soon after his return in 1986, Heimbaugh was in trouble again. This time he was disciplined for unauthorized possession of a weapon while on leave from the Sheriff's Department. A few months later trouble stalked him again. Heimbaugh's girlfriend called "911," and he was arrested for brandishing a gun, sodomy, felony domestic violence, and possession of drug paraphernalia. At his consequent termination hearing, Heimbaugh's girlfriend testified, contrary to her police report, that she had assaulted Heimbaugh (not vice versa) and owned the drug paraphernalia. She was warned that she could be prosecuted for filing a false police report. After her testimony, Heimbaugh resigned. Later, he tried unsuccessfully to rescind his resignation.
 
 
 5
 In Heimbaugh's first case, referred to above as "Heimbaugh I," he proceeded pro se[2] in federal court under 42 U.S.C. § 1983. He alleged: 1) that he had been coerced into resigning from his position as deputy sheriff because of his status as a whistleblower, 2) that he had been sexually harassed and denied a fair hearing, and 3) that he had been subjected to an unlawful search and seizure, and to assault, conspiracy, fraud, negligent representation, defamation, and invasion of privacy. Heimbaugh I was dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and the plaintiff was sanctioned under Rule 11. The dismissal and sanctions were both affirmed on appeal.
 
 
 6
 As this disposition indicates, the plaintiff sued again. Dissatisfied for the moment with federal courts, this time he proceeded in state court ("Heimbaugh II "), on precisely the same facts that gave rise to Heimbaugh I. In this case, he repeated his Heimbaugh I federal and state legal theories, and added several new state law theories, including constructive discharge, sexual discrimination, malicious prosecution, and intentional and negligent infliction of emotional distress. The defendant removed the action to federal court, and the plaintiff then moved to amend his complaint to delete the federal claims, so that he could get the remaining state claims remanded to state court.
 
 
 7
 The district court denied plaintiff's motion to amend the case, dismissed the claims under Rule 12(b)(6) on the ground of res judicata, and enjoined the plaintiff from further litigation based on the underlying events. Heimbaugh filed a timely notice of appeal.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 8
 The district court had jurisdiction under 28 U.S.C. § 1331. This panel has jurisdiction under 28 U.S.C. § 1291. The denial of leave to amend after a responsive pleading has been filed is reviewed for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is reviewed de novo. Oscar v. Univ. Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992 (en banc)). The district court's grant of a permanent injunction is reviewed for an abuse of discretion. Amwest Mortgage Corp. v. Grady, 925 F.2d 1162, 1163 (9th Cir.1991).
 
 III.
 DISCUSSION
 
 9
 A. Complaint was properly dismissed on ground of res judicata.
 
 
 10
 The district court rightfully dismissed the Heimbaugh II complaint on the ground of res judicata.[3] The Heimbaugh II complaint is clearly barred by res judicata. It arises from the exact facts and seeks the same relief as did Heimbaugh I, and, at best, is an attempt to present new legal theories. Contrary to what Heimbaugh argues, no "key" facts were overlooked in dismissing the complaint and issuing the injunction.[4]
 
 
 11
 B. No abuse of discretion in denying leave to amend because amendment would be both futile and unduly burdensome to the defendant.
 
 
 12
 Leave to amend is within the district court's discretion, and should be "freely given" in the absence of undue delay, bad faith, undue prejudice to the opposing party, or futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1520 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984). At least two of the four enumerated conditions preclude amendment here. First, it would be futile to allow the plaintiff to amend his complaint because, as discussed, this action is barred by res judicata. Second, allowing the plaintiff to amend his complaint will unduly prejudice the defendant who has already spent considerable time and money litigating this case once.
 
 
 13
 Contrary to what the appellant argues, even if the federal claims were deleted, the decision to remand state claims to the state court is entirely within the district court's discretion. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); National Audubon Soc'y v. Dep't of Water, 869 F.2d 1196, 1205 (9th Cir.1988). The district court does not forfeit jurisdiction over the pendent state claims even if the federal claims on which removal was predicated were deleted. Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir.1986).
 
 
 14
 C. District court did not abuse its discretion when it enjoined Heimbaugh from further litigation on these facts.
 
 
 15
 The district court did not abuse its discretion in issuing an injunction prohibiting further litigation on these facts. Injunctions against relitigation are a way to "articulate forcefully" the principles of res judicata. Wood, 705 F.2d at 1524.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellant also seeks to defer oral argument and submission of the appeal in order to conduct discovery in a "relevant" defamation case he is pursuing. However, pursuant to Fed.R.App.P. 34(a), this panel has examined the briefs and records, and is of the unanimous opinion that oral argument is not needed. In addition, Mr. Heimbaugh has had enough time to prepare his appeal. Therefore, the plaintiff's request is denied
 
 
 [2]
 Robert Heimbaugh is a law school graduate, and has taken the California bar exam
 
 
 [3]
 Res judicata bars subsequent actions that arise from the same transaction or series of transactions as the original action. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992). Two events are part of the same transaction if they are related to the same set of facts and could conveniently be tried together. Id. One cannot avoid the res judicata bar merely by pleading new legal theories. McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir.1986)
 
 
 [4]
 Heimbaugh states that the district court ignored the "extortionate threat" to prosecute his girlfriend for filing a false police report while she testified at his termination hearing. However, this "fact" has been considered. The Ninth Circuit stated in affirming Heimbaugh I: "Ms. Bortin's warning that Heimbaugh's cohabitant may face possible felony prosecution if she contradicted her earlier statements to the police was appropriate and did not render the termination hearing unfair."