988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; Michael Ongaro, and; Sally
Ongaro, Plaintiff-Appellees,
v.
REAL PROPERTIES SITUATED IN THE COUNTY OF SNOHOMISH, STATE
OF WASHINGTON, Defendant,
Peter Gordon Howe, Claimant-Appellant.
 No. 92-35217.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, Thomas S. Zilly, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Gordon Howe appeals the district court's order dismissing the government's civil forfeiture action under 21 U.S.C. § 881(a)(6). Howe contends that the district court erred by denying his Fed.R.Civ.P. 60(b) motion to vacate an order dismissing a forfeiture action as to two parcels of property ("Property"). Howe also contends that the district court abused its discretion by refusing to interfere with Washington state court foreclosure proceedings against the Property.[1] We affirm.
 
 A. Rule 60(b) Motion to Vacate
 
 3
 "We review the district court's denial of a motion to vacate a judgment under Rule 60(b) for an abuse of discretion.... An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Under Rule 60(b), the moving party must show "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 4
 Howe did not present any evidence to show that the district court's order was based on fraud, or on any of the other conditions set forth in Rule 60(b). Howe's assertion that the Property was worth nearly 2 million dollars was unsubstantiated, and he did not present any evidence to show that the Ongaros were not lien holders.
 
 
 5
 The district court concluded that the government "reasonably believed the properties were not assets worth proceeding against.... No evidence has been presented by Howe to upset that judgment." The district court's denial of Howe's Rule 60(b) motion was not an abuse of discretion. See Backlund, 778 F.2d at 1388.[2]
 
 B. Stay of State Court Proceedings
 
 6
 "The Anti-Injunction Act forbids a federal court from issuing an injunction to stay a state court action, 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' " Amwest Mortgage Corp. v. Grady, 925 F.2d 1162, 1164 (9th Cir.1991) (quoting 28 U.S.C. § 2283).
 
 
 7
 Howe asked the district court to issue a temporary restraining order barring the sale of the Property. His reasoning seemed to be that the government and the Ongaros were somehow cheating him of his property and that an injunction would be the only way to unravel the scheme. This reasoning, liberally construed, did not fall within any exception to the Anti-Injunction Act because the district court had already relinquished its jurisdiction over the Property. See 28 U.S.C. § 2283. Thus, it had no interest in protecting its jurisdiction. Further, it had no reason to enjoin state proceedings in order to effectuate its judgment. On the contrary, its judgment was that federal proceedings against the Property should not continue. That judgment did not affect the preexisting title to the Property. The state court was the proper place to litigate any title or other questions. The district court properly denied Howe's request for injunctive relief.
 
 AFFIRMED.[3]
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Howe also challenges the district court's decision to remand a different case (D.C. No. CV-90-1628-TSZ) to Washington state court. We decline to address that issue in this appeal
 
 
 [2]
 At any rate, dismissal of the action simply removed federal restraints from the Property. That was the most Howe could have accomplished had his claim in the forfeiture action succeeded
 
 
 [3]
 We DENY Howe's motions to continue the hearing of this case and to appoint counsel