38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dennis Eugene McINTYRE, Plaintiff-Appellant,
v.
CITY OF NEWPORT BEACH, et al., Defendants-Appellees.
 No. 93-56598.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Eugene McIntyre appeals the district court's summary judgment for the City of Newport Beach and various police officers in his 42 U.S.C. Sec. 1983 action with pendent state claims. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.
 
 
 4
 McIntyre contends that appellees violated his civil rights by subjecting him to a false arrest and by maliciously prosecuting him. This contention lacks merit.
 
 
 5
 Probable cause to arrest exists when there are reasonable trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that a suspect is committing or has committed a crime. United States v. Arzate-Nunez, 18 F.3d 730, 735 (9th Cir.1994) (quotations omitted).
 
 
 6
 "Under California law, a malicious prosecution suit may be defended by showing that the underlying action was brought with probable cause." Amwest Mort. Corp. v. Grady, 925 F.2d 1162, 1164 (9th Cir.1991). The existence of probable cause precludes a finding of false arrest. See Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir.1981), cert. denied, 459 U.S. 829 (1982).
 
 
 7
 On September 3, 1991, McIntyre was arrested by Mark Hamilton, an off-duty police officer on his way to work in his own vehicle, following a verbal exchange regarding Hamilton's driving. The district court granted summary judgment in favor of appellees on McIntyre's claim of arrest without probable cause and malicious prosecution and dismissed without prejudice McIntyre's pendent state claims. The parties stipulated to the dismissal without prejudice of McIntyre's claim of retaliation for exercising his First Amendment rights, and the deprivation of property.
 
 
 8
 As the district court found, there was probable cause to arrest McIntyre pursuant to Cal.Penal Code Sec. 415(1). California Penal Code Sec. 415(1) provides for the fining or imprisonment or both, of "any person who unlawfully fights in a public place or challenges another person in a public place to fight." See Cal.Penal Code Sec. 415(1).
 
 
 9
 Here, McIntyre exited his vehicle immediately after stopping at the intersection and approached Hamilton's vehicle. McIntyre admits he cursed at Hamilton, and pulled on Hamilton's door handle. These circumstances could have lead a reasonably prudent person to believe he was being challenged to fight in public, a violation of Cal.Penal Code Sec. 415(1). Thus, there was probable cause for McIntyre's arrest. See Arzate-Nunez, 18 F.3d at 735; Cal.Penal Code 415(1). Accordingly, the district court did not err in granting summary judgment on McIntyre's claims of false arrest and malicious prosecution. See Grady, 925 F.2d at 1164; Varney, 665 F.2d at 266.[1]
 
 
 10
 Appellees request an award of attorney's fees on appeal. We have discretion to impose damages against litigants as a sanction for bringing a frivolous appeal. See Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). We elect not to award attorney's fees.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant argues in his reply brief the that defendants are not entitled to qualified immunity. We disagree. As the district court found, based on the undisputed facts, an objectively reasonable officer, similarly situated, would have found probable cause to arrest plaintiff. Thus, the officers are qualifiedly immune from suit on the alleged fourth amendment violation