81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip D. ROBERTS, Lynn, Roberts; Denny Delk; Karen Delk;
Arthur B. Gauss, Plaintiffs-Appellants,
v.
Werner HEIM, Defendant,
and
Declan O'Donnell, Defendant-Appellee.
 No. 95-15994.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1996.
Decided March 28, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and QUACKENBUSH, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs Philip D. Roberts, et al. ("Plaintiffs") appeal the district court's order denying Plaintiffs' motion for preliminary injunction as to Declan O'Donnell under the All Writs Act (28 U.S.C. § 1651) and to stay garnishment proceedings instituted by O'Donnell in Colorado state court under the Anti-Injunction Act (28 U.S.C. § 2283). Plaintiffs timely appeal and this court has jurisdiction under 28 U.S.C. § 1292. We affirm.
 
 
 4
 * This appeal is part of a series of transactions and litigation between three parties. Plaintiffs as limited partners, invested in a long list of entities, referred to here as the Denver Partnerships. Plaintiffs executed subscription agreements and promissory notes in favor of the Denver Partnerships. The Denver Partnerships were indebted to Declan O'Donnell, an attorney.
 
 
 5
 There have been four relevant court actions between these three parties. First, Plaintiffs sued the Denver Partnerships in U.S. District Court for the Northern District of California, seeking relief from their obligations under the subscription agreements and promissory notes. The parties ultimately reached a stipulated settlement. As part of the settlement, the district court permanently enjoined the partnership, the general partners, and those acting in concert with the partners or the partnership from enforcing the subscription agreements ("the August Injunction").
 
 
 6
 Second, O'Donnell sued the Denver Partnerships and obtained a default judgment in Colorado state court.
 
 
 7
 Third, based on the default judgment in Colorado state court, O'Donnell instituted garnishment proceedings against Plaintiffs in Colorado state court. Plaintiffs have requested the court to take judicial notice of the Colorado state district court's September 25, 1995 Order dismissing with prejudice the garnishment proceedings. O'Donnell challenges Plaintiffs' request, but notes that he appealed the Colorado dismissal Order on November 8, 1995.
 
 
 8
 Finally, seeking to enjoin O'Donnell's Colorado garnishment proceedings, Plaintiffs moved for a preliminary injunction in the Northern District of California, the court overseeing the litigation underlying the August Injunction.
 
 II
 
 9
 Plaintiffs request that we take judicial notice of the Colorado state district court's September 25, 1995 Order dismissing with prejudice O'Donnell's garnishment proceedings. O'Donnell opposes this request. Ninth Circuit law is clear that the orders, decrees and judgments of other courts are proper subjects of judicial notice under Fed.R.Evid. 201. Papai v. Harbor Tug and Barge Co., 67 F.3d 203, 207 (9th Cir.1995).
 
 
 10
 We take notice of the dismissal order, as well as the Notice of Appeal attached to O'Donnell's Objection to Appellants' Request for Judicial Notice. Because the Colorado garnishment litigation is still pending, this appeal is not moot.
 
 III
 
 11
 O'Donnell states that he "wishes to advise this Court that he has not agreed, nor does he agree, to Appellants' contention that the District Court had, or has, personal jurisdiction over him. O'Donnell appeared specially in the District Court action to oppose Plaintiffs' Ex Parte Application for Order to Show Cause and for Temporary Restraining Order."
 
 
 12
 Fed.R.Civ.P. 12(h)(1) provides that a defense of lack of jurisdiction over the person is waived if it is neither made by motion nor included in a responsive pleading. Based upon our examination of the record, it appears that O'Donnell challenged the district court's personal jurisdiction over him only to the extent that such personal jurisdiction might be found to be "exclusive." He acknowledged to the district court that he had appeared before the district court in earlier stages of the litigation, thus subjecting himself to the district court's jurisdiction in this case.
 
 IV
 
 13
 "District court injunctions are normally reviewed only for an abuse of discretion. However, applying an erroneous legal standard is an abuse of discretion. The question whether the district court had the power to issue the injunction is therefore reviewed de novo, while its decision to exercise that power is reviewed for an abuse of discretion." Western Systems, Inc. v. Ulloa, 958 F.2d 864, 867 (9th Cir.1992) (citations omitted), cert. denied, 506 U.S. 1050 (1993).
 
 
 14
 The Anti-Injunction Act, 28 U.S.C. § 2283, states:
 
 
 15
 A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
 
 
 16
 Exceptions to the Act are to be strictly construed. Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988). We have interpreted Chick Kam Choo as setting the limits of the relitigation exception at the limits of res judicata and collateral estoppel. Western Systems, 958 F.2d at 870-871.
 
 
 17
 Any doubts about the appropriateness of enjoining state court proceedings under the Anti-Injunction Act should be resolved in favor of permitting state courts to proceed. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir.1987), cert. denied 485 U.S. 993 (1988); Bechtel Petroleum, Inc. v. Webster, 796 F.2d 252, 253 (9th Cir.1986), cert. dismissed, 481 U.S. 1065 (1987).
 
 
 18
 The fact that an injunction may be issued under an exception to the Anti-Injunction Act does not mean that such injunction must be issued. Chick Kam Choo, 486 U.S. at 151. Rather, the decision is committed to the discretion of the district court. Blalock Eddy Ranch v. MCI Telecommunications Corp., 982 F.2d 371, 375 (9th Cir.1992); Bechtel Petroleum, 796 F.2d at 253. The district court, who has overseen this litigation, including the August Injunction, is in the best position to assess the strength of the claim that the Colorado garnishment proceedings should be enjoined under the relitigation exception to the Anti-Injunction Act. Amwest Mortg. Corp. v. Grady, 925 F.2d 1162, 1165 (9th Cir.1991); Bechtel Petroleum, 796 F.2d at 253 n. 2.
 
 
 19
 The district court may not enjoin the state court proceeding unless the prior federal proceeding would operate as res judicata or collateral estoppel on the state proceeding. Even if the prior federal proceeding would so operate, the district court has the discretion to decline to issue an injunction.
 
 
 20
 * This appeal arises out of the district court's refusal to enjoin the Colorado garnishment proceedings. The district court held that neither the relitigation exception nor the in aid of jurisdiction exception to the Anti-Injunction Act applied to this case. The district court held that the August Injunction does not on its face restrict the substantive rights of third-party creditors, adding that the district court never contemplated that third-party creditors' rights would be limited when it approved the settlement and issued the August Injunction. The district court further held that O'Donnell was not attempting to "enforce, collect on, or transfer, or otherwise take any action whatsoever with respect to, any of the subscription agreement obligations," as that wording is used in the August Injunction.1 Accordingly, the district court held that the August Injunction does not provide a basis for enjoining O'Donnell from pursuing the garnishment proceedings. The district court declined to reach the issue whether Colorado state law would render O'Donnell's writs of garnishment unenforceable against Plaintiffs. The district court added in a footnote that even if it had the power to enjoin the Colorado garnishment proceedings, it would exercise its discretion to decline to do so.
 
 
 21
 Finally, the district court rejected arguments that the "in aid of jurisdiction" exception applied, citing Belzberg, 834 F.2d at 740.
 
 
 22
 The district court denied Plaintiffs' motion for reconsideration, but granted their motion for amendment in order to clarify several matters. First, the district court reemphasized that the August Injunction on its face does not apply to O'Donnell under the circumstances presented here. The district court stated, "since O'Donnell was clearly not a party covered by the August Injunction or the related orders, nothing in those orders would justify the entry of the injunction sought by the plaintiffs, even were the Court to accept arguendo that O'Donnell is seeking to enforce the subscription agreement obligations via the state garnishment proceeding."
 
 
 23
 The second point reiterated by the district court in its amending Order is that "whether or not O'Donnell is entitled as a matter of Colorado garnishment law to recover on the pending writs of garnishment against the Partners is an issue to be decided by the Colorado court."
 
 B
 
 24
 Plaintiffs argue that the injunction against enforcement of the subscription agreements by the Denver Partnerships precludes O'Donnell from enforcing the subscription agreements. They further argue that the August Injunction rendered the subscription agreements and promissory notes unenforceable against the class. They claim, "O'Donnell, as garnishor of the same obligations [as the Denver Partnerships], is in privity with the Denver Partnerships and is therefore barred from relitigation by the doctrine of res judicata. "
 
 
 25
 Plaintiffs cite Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1280 (9th Cir.) (interpreting the application of injunctions to privies under Fed.R.Civ.P. 65(d)), cert. denied, 506 U.S. 953 (1992) for the proposition that those in privity with an enjoined defendant are also bound by the injunction. Plaintiffs argue that O'Donnell is in privity with the Denver Partnerships because of the judgment debtor-judgment creditor relationship, citing Royal Ins. Co. of America v. Quinn-L Capital Corp., 960 F.2d 1286, 1297-1298 (5th Cir.1992), cert. denied, 114 S.Ct. 1541 (1994). Quinn-L is out-of-Circuit authority, and it fails to support Plaintiffs' argument. Quinn-L requires more for privity than merely a legal relationship; there must also be accountability by the party in the first suit (here, the Denver Partners) to the nonparty (here, O'Donnell) and identity of issues. Neither of these latter requirements are satisfied here. Hence there is no privity sufficient to allow application of Class Plaintiffs.
 
 C
 
 26
 We affirm the district court for the following reasons. First, under Western Systems, 958 F.2d at 870-871, we have set the limits of the relitigation exception at the limits of res judicata and collateral estoppel. To be subject to collateral estoppel, an issue must have been actually litigated and decided. Bechtel Petroleum quotes Judge Wisdom:
 
 
 27
 We take the view that a complainant must make a strong and unequivocal showing of relitigation of the same issue in order to overcome the federal courts' proper disinclination to intermeddle in state court proceedings. If we err, all is not lost. A state court is as well qualified as a federal court to protect a litigant by the doctrines of res judicata and collateral estoppel.
 
 
 28
 796 F.2d at 253. The issue of O'Donnell's relationship to the Denver Partnerships under Colorado garnishment law was never considered or decided by the district court. It is not an issue subject to collateral estoppel. Therefore, the relitigation exception to the Anti-Injunction Act does not apply.
 
 
 29
 Second, under Belzberg, 834 F.2d 730, Bechtel Petroleum, 796 F.2d 252, Blalock, 982 F.2d 371 and Amwest, 925 F.2d 1162, the district court has broad discretion to refuse to issue an injunction, even if it has the power to do so under an exception to the Anti-Injunction Act; doubts about the appropriateness of an injunction should be resolved in favor of denying injunctions; and the district court that heard the earlier federal litigation is in the best position to determine whether an injunction should be issued. Even if the relitigation exception did apply, the district court properly exercised its discretion in refusing to issue an injunction.
 
 D
 
 30
 Plaintiffs also argue that the district court has power under the All Writs Act, 28 U.S.C. § 1651, to enjoin O'Donnell from pursuing the Colorado garnishment proceedings, as necessary in aid of its jurisdiction. However, for the purposes of the Anti-Injunction Act, it does not matter whether the injunction issues against the litigants or the court itself. Alton Box Bd. Co. v. Esprit De Corp., 682 F.2d 1267 (9th Cir.1982).
 
 
 31
 The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the "in aid of jurisdiction" exception. Belzberg, 834 F.2d at 740.
 
 
 32
 The district court opted to consider the entire motion under the Anti-Injunction Act. It stated:
 
 
 33
 [B]ecause an order enjoining O'Donnell from pursuing the Colorado garnishment proceedings would necessarily have the effect of staying the state court action, the Court finds that the Anti-Injunction Act provides the proper framework for its analysis here. See Los Angeles Memorial Coliseum Com'n v. City of Oakland, 717 F.2d 470, 473 (9th Cir.1983) (noting that "the prohibition against enjoining state court proceedings 'cannot be evaded by addressing the order to the parties' ") ...
 
 
 34
 We agree with the district court's analysis.
 
 V
 
 35
 The issue whether O'Donnell "steps into the shoes" of the Denver Partnerships under Colorado garnishment law was not decided by the district court when it issued the August Injunction. Accordingly, the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, does not apply, and the district court correctly refused to enjoin the Colorado state garnishment proceedings. Even if the relitigation exception applied to this case, it was within the district court's discretion to refuse to issue an injunction.
 
 
 36
 AFFIRMED.
 
 
 
 *
 The Honorable Justin L. Quackenbush, Senior United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court held that the August Injunctions did not operate to extinguish all liability between the Partners and Partnerships