94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald L. ROGERS, Plaintiff-Appellant,
v.
UNITED STATES of America; Lourdes Baird; Switzerland;
Thomas Tashima; Jeffrey Gordon; Jan Norman; Anne Roberts;
Metropolitan and City Police New Scotland Yard; Philip
Chapman; Lawrence Kiser; Gerald Rafferty; Pierce
O'Donnell; Leon Wideman; Spring Lake Land Company; Owner
John Doe 1 Spring Lake Land Company; MAI Appraiser John Doe
2 Spring Lake Land Company; Ira Miller; Joseph Goldstein;
Eville Younger; Merrill Lynch; Republic of Panama;
Canadian Imperial Bank of Commerce; Bureau of Consumer
Affairs of Commerce; Bureau of Consumer Affairs of
Vancouver, B.C.; Rainier Bank; Bonnie Turnstra; Foreign
Minister Ozores; Service Du Mines France; Michael
Colmenaro; Seventh Elect Church in Israel; Ralph Freese;
Richard Moore; Gerald Adams; Maude Wold; Norsul Oil and
Mining, Inc.: Henry Schulke; Seymore Yutter; King County;
Mitchel Elliot; Clinton County; Richard Rhoades; George
Ashford; Raymond Takiff; Anne Munger; Chaffee County;
and David Bortman, Defendants-Appellees.
 No. 94-56638.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald L. Rogers, a Federal prisoner, appeals the district court's dismissal of his action alleging violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and various constitutional provisions. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Rogers contends that the district court abused its discretion by dismissing his action with prejudice because his complaint did not contain a "short and plain statement of [his] claim" against defendants as required by Fed.R.Civ.P. 8(a). The district court explained the deficiencies of Rogers's complaint and gave Rogers two opportunities to amend his complaint prior to dismissal. Accordingly, we conclude that the district court did not abuse its discretion by dismissing Rogers's complaint. See McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir.1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981).
 
 
 4
 Rogers also contends that the district court erred by failing to grant his motion to stay or dismiss without prejudice this civil action until his habeas corpus claims had been resolved. Rogers's ex parte motion to stay proceedings was not filed because it failed to comply with the Central District of California's Local Rule 7.18. Because Local Rule 7.18 sets forth requirements for ex parte motions which are not inconsistent with the Federal Rules of Civil Procedure, and because Rogers made no attempt to re-submit his motion, we conclude that the district court did not abuse its discretion by dismissing, instead of staying, Rogers's action. See Fed.R.Civ.P. 83; United States v. Warren, 601 F.2d 471, 473-74 (9th Cir.1979) (per curiam) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").
 
 
 5
 Finally, Rogers contends that the district court erred by granting defendants' request for preliminary and permanant injunctive relief against Rogers's attempts to file commercial liens against federal government defendants. Upon our review of the record, we conclude that the defendants made a sufficient showing of irreparable injury and likelihood of success on the merits to justify the district court's grant of preliminary injunctive relief. See Amwest Mortgage Corp. v. Grady, 925 F.2d 1162, 1163 (9th Cir.1991); Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985). Similarly, after the district court dismissed Rogers's action for failure to comply with Fed.R.Civ.P. 8, it was not error for the district court to grant defendants' request for permanent injunctive relief. Cf. Continental Airlines, Inc. v. Intra Brokers, Inc., 24 F.3d 1099, 1102 (9th Cir.1994) (stating that entry of permanant injunctive relief in favor of party that prevailed on summary judment is not error).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal