99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, ex rel., Don H. HAYCOCK, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT COMPANY, Defendant-Appellee.
 Nos. 94-55620, 94-55826.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Oct. 21, 1996.
 
 1
 Before: T.G. NELSON and KLEINFELD, Circuit Judges, and WILKEN, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 After reviewing the record de novo, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), we conclude that Haycock presented no evidence of fraud or false statement. We are unable to identify, in the evidence submitted, fraudulent allocations of employees to the direct as opposed to the indirect categories, double billing, or fraudulent accounting practices. Nor can we identify a cost accounting standard which Appellee was required to follow and did not follow. There is no evidence in the record which we have been able to find to show that Appellee improperly classified any indirect costs as direct costs, or overcharged for any of the fringe benefits and other entitlements associated with waiver costs. Whatever may have been arguable was disclosed to and approved by the government, so far as the evidence in the record shows.
 
 
 4
 Nor is there any evidence in the record to show a false certification under the Truth in Negotiations Act, 10 U.S.C. § 2306a(a), or false statement of cost or pricing data. 10 U.S.C. § 2306a(a)(2).
 
 
 5
 The district judge had discretion to award attorney's fees if it found that the relator's claim was "clearly frivolous," 31 U.S.C. § 3730(d)(4), and it did. This standard is met if "the plaintiff continued to litigate after" his claim "clearly became" groundless or without foundation. Hughes v. Rowe, 449 U.S. 5, 15 (1980). Our review of the attorneys' fees award is limited by the abuse of discretion standard. In re Washington Public Power Supply System, 19 F.3d 1291, 1296-97 (9th Cir.1994). The district court was within its discretion in awarding attorneys' fees, as it did, for the period after Hughes served on the relator declarations of the relevant government officials showing that the cost allocation system was known to, and approved by, the government.
 
 
 6
 The district court's denial of his motion for reconsideration of the attorneys' fees award is reviewed for abuse of discretion. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994). The court was within its discretion in concluding the expert witness declaration filed by Haycock added nothing new on the question whether the relator should have stopped litigating after the disclosures which showed absence of fraud or false statement.
 
 
 7
 Appellee's request for attorneys' fees on appeal is denied. See Fed.R.App.P. 38; Amwest Mortg. Corp. v. Grady, 925 F.2d 1162, 1165 (9th Cir.1991) (attorneys fees not awarded where appeal not "clearly meritless").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3