Manuel RODRIGUEZ HIDALGO, individually, Plaintiff—Appellee,

v.

Robert RICARDO PEREZ, individually and his official capacity; Kenneth J Badgley, individually and his official capacity; City of Wenatchee, a municipal corporation, Defendants—Appellants,

and

Earl TILLEY, individually and his official capacity; Wenatchee Municipal Police Department, Defendants.

No. 04–35326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided March 31, 2005.

Tyler K. Firkins, Esq., Van Siclen Stocks & Firkins, Auburn, WA, for Plaintiff–Appellee.

Robert C. Van Siclen, Esq., Van Siclen Stocks & Firkins, Auburn, WA, Patrick G. McMahon, Esq., Carlson McMahon & Sealby, Wenatchee, WA, for Defendants–Appellants.

Before: FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM [*]

■ Plaintiff–Appellee Manuel Rodriguez Hidalgo[1] filed a civil suit against Defendants–Appellants City of Wenatchee, Earl Tilly, Police Chief Kenneth Badgley, and Detective Robert Perez (collectively "Defendants") alleging under 42 U.S.C. § 1983 that Defendants violated his constitutional rights and alleging numerous state law claims. Defendants prevailed on the merits. Defendants herein appeal the district court's denial of their motion for attorneys fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1927, and the district court's denial of their motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Further, Badgley appeals the district court's grant of summary judgment to Hidalgo on Badgley's state-law counterclaim for malicious prosecution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As the facts are familiar to the parties, we recite them only as necessary to understand our disposition.

Defendants argue that the district court erred in denying their motion for fees and costs under § 1988 and § 1927 because Hidalgo's civil suit, Defendants contend, was frivolous.[2] A prevailing defendant may receive an award of attorney's fees under § 1988 "only where the action is found to be unreasonable, frivolous, meritless or vexatious." *Legal Servs. v. Arnett,* 114 F.3d 135, 141 (9th Cir.1997) (internal quotation marks omitted). An attorney must act recklessly or in bad faith to violate § 1927 and justify the imposition of fees against the attorney. *See Barber,* 146 F.3d at 711. We affirm the district court's denial of statutory relief under § 1988 and § 1927 because evidence supported the district court's conclusion that Hidalgo's attorney did not act subjectively in bad faith and its conclusion that Hidalgo's civil suit was not frivolous. *See id.; Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994).

■ Defendants argue that the district court erred in denying their motion for sanctions under Rule 11 because Hidalgo lacked a factual and legal basis for his civil suit against Defendants.[3] Rule 11 sanctions are appropriate where a complaint is frivolous, legally unreasonable, without factual foundation, or was brought for an improper purpose. *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1177 (9th Cir. 1996). The testimony of Hidalgo's alleged molestation victims about the circumstances of their interrogation, Hidalgo's successful personal restraint petition in state court proceedings, and the declaration of Hidalgo's counsel together support the district court's denial of Rule 11 sanctions. *See id.; see also Amwest Mortgage Corp. v. Grady,* 925 F.2d 1162, 1164 (9th Cir.1991).

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1] Many variations of Plaintiff's name appear throughout the record. We have been informed by counsel that Plaintiff's legal name is Manuel Rodriguez Hidalgo, and that is how we refer to him in this disposition.

[2] We review for an abuse of discretion a district court's denial of a motion for attorney's fees under § 1988 and a district court's denial of a motion for sanctions under § 1927. *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 479 (9th Cir.1998); *Barber v. Miller,* 146 F.3d 707, 709 (9th Cir.1998).

[3] We review for an abuse of discretion a district court's denial of a motion for Rule 11 sanctions. *Retail Flooring Dealers, Inc. v. Beaulieu,* 339 F.3d 1146, 1150 (9th Cir.2003).

Chief Badgley argues that the district court erred in granting summary judgment to Hidalgo on Badgley's state-law malicious prosecution counterclaim.[4] Under Washington Law, malicious prosecution requires proof that the defendant instituted a suit without probable cause and with malice. *See Clark v. Baines,* 150 Wash.2d 905, 84 P.3d 245, 248–49 (2004); *see also* Rev. Wash.Code § 4.24.350 (2004). The district court granted Hidalgo's motion for summary judgment because it found that Hidalgo had probable cause for his claim against Badgley for failing adequately to supervise Detective Perez and, in the alternative, because Hidalgo did not file his claim against Badgley with malice. We agree. There is no disputed issue of material fact whether Hidalgo lacked "a reasonable belief that the relevant facts can be established through the trial process," the probable cause standard under Washington law, and we conclude that the undisputed facts show probable cause. *See Brin v. Stutzman,* 89 Wash.App. 809, 951 P.2d 291, 299 (1998). Moreover, there is no disputed issue of material fact whether Hidalgo filed his civil suit with an "improper or wrongful" motive, or in "reckless disregard" of the rights of Chief Badgley, the malice standard under Washington law, and we conclude that the undisputed facts show a lack of malice. *See Bender v. City of Seattle,* 99 Wash.2d 582, 664 P.2d 492, 494, 501 (1983). A party may lose a case but still have had proper and non-malicious grounds to bring it. Under Washington law, Chief Badgley's favorable decision on the merits, when considered in concert with all the evidence before the district court, is not sufficient to establish a lack of probable cause for Hidalgo to have brought suit against Badgley, nor to establish that Hidalgo acted with malice in bringing suit. *Id.*

AFFIRMED.

---

4. We review de novo a district court's grant of summary judgment. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

